Dr. Virginia **KUPRITZ**

v.

**SAVANNAH COLLEGE OF ART & DESIGN.**

Misc. No. 94–2.

United States District Court, E.D. Pennsylvania.

Feb. 16, 1994.

Matthew W. Wallace, Savannah, GA, for plaintiff.

Kenneth L. Oliver, Jr., Obermayer, Rebmann, Maxwell and Hippel, Philadelphia, PA and Clare H. Draper, IV, Alston and Bird, Atlanta, GA, for defendant.

Kevin M. Donovan, Morgan, Lewis & Bockius and James D. Pagliaro, Philadelphia, PA, for movant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, Senior District Judge.

Movants seek a monetary award by way of a sanction against Matthew Lowry for his failure to appear for an oral deposition in Philadelphia, Pennsylvania, on January 10, 1994. Mr. Lowry contends that the subpoenas served upon him were defective and, in any event, his failure to appear did not constitute contempt of court, but resulted from a misunderstanding or miscommunication between and among himself, his Georgia counsel, and movants' Georgia counsel.

In a civil action pending in the Southern District of Georgia, the plaintiff is Dr. Virginia Kupritz and the defendant is Savannah College of Art and Design (Savannah College). In that litigation Savannah College sought to take the oral deposition of Matthew Lowry, an individual who is not a party to the litigation. Attempts to serve a subpoena in Georgia were unsuccessful because Mr. Lowry had moved his residence and place of employment from Georgia to Philadelphia, Pennsylvania. Mr. Lowry is, and was at all relevant times, also a party defendant in another civil action pending in the state courts of Georgia wherein Savannah College is a plaintiff. The same Atlanta, Georgia, law firm represents Savannah College in both the pending federal action and the pending state action.

On or about December 30, 1993, counsel for Savannah College caused a subpoena duces tecum to be prepared summoning Mr. Lowry to appear in Philadelphia, Pennsylvania, on January 10, 1994, at 10:00 o'clock A.M. The subpoena, entitled and headed as being issued out of the Southern District of Georgia in the case of Kupritz v. Savannah College, was served upon Mr. Lowry at his place of business in center city Philadelphia, Pennsylvania, by a Pennsylvania process server on January 3, 1994. Thereafter, there were telephone calls and correspondence between and among counsel for Savannah College and Georgia counsel for Mr. Lowry, concerning scheduling the deposition. It appears that Mr. Lowry had been notified as a party defendant in the state court action to appear for an oral deposition in Savannah, Georgia, on January 5, 1994. He wanted, through his attorney, to arrange to have both depositions taken at one place and time—one deposition to follow the other, possibly on two successive days. Those attempts were unsuccessful. Mr. Lowry did not appear for the January 5, 1994 Georgia deposition. On motion by Savannah College, a court order reset that deposition for January 20, 1994 in Savannah, Georgia.

Mr. Lowry apparently incorrectly assumed (or so he testified at the contempt hearing) that his attorneys had arranged or would arrange to have both depositions taken at the same place and time. Counsel for Savannah College who had caused the deposition subpoena for the federal court action to be issued, served and scheduled for January 10, 1994 in Philadelphia, Pennsylvania, never canceled the scheduled deposition and never agreed to its postponement, primarily because the pretrial discovery deadline in the federal action had been set to expire on or about January 10, 1994.

When Mr. Lowry failed to appear for the deposition on January 10, 1994 in Philadelphia, Pennsylvania, counsel for the plaintiff, Dr. Kupritz, and counsel for defendant, Savannah College, filed, through local associate counsel, a joint motion to enforce the subpoena and to hold Mr. Lowry in contempt of court. Movants sought a monetary award for their costs and expenses for making the useless trip to Philadelphia, Pennsylvania. I entered an order on January 11, 1994, directing Mr. Lowry to appear for the deposition and to produce the requested documents on January 18, 1994 in Philadelphia. In the order, I further directed that Mr. Lowry appear in Philadelphia on January 19, 1994, to show cause why he should not be held in

## 86

contempt and have sanctions of attorney's fees and costs assessed against him. In response to that order, Mr. Lowry's deposition was taken on January 18, 1994,[1] and he appeared in court on January 19, 1994, with local counsel on the show cause hearing. An evidentiary hearing was held.

Meanwhile, Mr. Lowry not having appeared for the scheduled deposition, counsel for Savannah College had caused another subpoena to be issued and served on January 10, 1994. The subpoena was headed in the Eastern District of Pennsylvania, and directed Mr. Lowry to appear for a deposition in the federal action on January 10, 1994 at 1:30 P.M. at the previously designated place, a center city law office located a "couple of blocks" from Mr. Lowry's place of business. That subpoena was served on Mr. Lowry at his place of business on January 10, 1994. According to Mr. Lowry, service was made on him about 1:45 P.M. Mr. Lowry, through Philadelphia counsel, filed a motion in this court to quash this subpoena contending that the subpoena failed to allow reasonable time for compliance and subjected him to undue burden.

Thus, there are two pending motions. The first is the joint motion of the litigants in the federal action pending in the Southern District of Georgia to hold Mr. Lowry in contempt and to assess monetary sanctions for his failure to obey the subpoena served on Mr. Lowry in Pennsylvania on January 3, 1994. The second motion is to quash the subpoena that was issued and served on January 10, 1994, commanding Mr. Lowry's appearance for deposition on January 10, 1994 at 1:30 P.M.

At the hearing held on January 19, 1994, Mr. Lowry's position was essentially three-fold: (1) the subpoena served upon him on January 3, 1994, was a nullity because, by its heading, it purported to issue from the Southern District of Georgia, and, even if valid, could only be enforced by the District Court for the Southern District of Georgia; (2) the subpoena issued out of this district on January 10, 1994, was unreasonable and

failed to give adequate notice; and (3) even if either or both subpoenas were valid, Mr. Lowry, in good faith, through either misunderstanding or miscommunication, thought that the deposition scheduled to occur on January 10, 1994, would be rescheduled so that both the federal court action deposition and the separate state court action deposition could be taken in Georgia on or about January 20, 1994, and the continuing day. Consequently, he argues that he should not be held in contempt of court.

Movants' position is equally straightforward. They contend, and the uncontested filings of record together with the testimony and evidence received at the hearing establish, that Mr. Lowry was fully aware of the scheduled January 10, 1994 deposition; that whatever attempts Mr. Lowry and/or his Georgia counsel made to reschedule the deposition, movants never agreed or said or did anything to lead Mr. Lowry or his counsel to believe or rely on any change in the scheduled date; that Mr. Lowry and his counsel had ample opportunity to prepare for the deposition; that no motion to quash the subpoena served on January 3, 1994 was ever filed in any court; and, finally, until movants arrived in Philadelphia from Atlanta, Georgia, for the scheduled deposition, they were never advised by anyone that Mr. Lowry would not appear. Movants contend that the subpoena that was served on January 3, 1994, merely had a mistake in the heading of the subpoena and that neither Mr. Lowry nor his Georgia counsel were ever aware of this obvious error or raised any issue or question as to the subpoena's validity until after the time for the scheduled deposition had passed. Movants, therefore, contend that Mr. Lowry intentionally failed to comply with the subpoena. In any event, movants argue that the subpoena that did issue headed in the Eastern District of Pennsylvania and served on January 10, 1994, corrected any possible defect.

■ Although the Clerk of Court shall issue a subpoena "signed, but otherwise in blank, to a party requesting it," an attorney,

---

1. There is no contention that Mr. Lowry failed in any way to comply with my order of January 11, 1994, or that Mr. Lowry failed to answer questions during the deposition or failed to produce the subpoenaed documents.

as an officer of the court may also issue and sign a subpoena on behalf of the court. Fed. R.Civ.P. 45(a)(3)(A). Every subpoena must name the court from which it issued; and

> [a] subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held. A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken.

Fed.R.Civ.P. 45(a)(2). A subpoena "may be served at any place within the district of the court by which it is issued," or within 100 miles of the place of deposition, or anywhere within the state if state court process may be so served.

Mr. Lowry was served in Philadelphia, Pennsylvania, with a subpoena calling for a deposition to be taken January 10, 1994, in Philadelphia. Under the express wording of Rule 45(a)(2), the subpoena should have issued from the District Court for the Eastern District of Pennsylvania.

> A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken.

Fed.R.Civ.P. 45(a)(3)(B). Although a clerk of court may sign a subpoena and deliver it to a requesting party, attorneys as officers of the court may also issue and sign subpoenas on behalf of

> a court for a district in which a deposition or production is compelled by subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

Fed.R.Civ.P. 45(a)(3)(B). Clare H. Draper IV, Esq., attorney for Savannah College, signed the subpoena that was served on January 3, 1994. Mr. Draper is authorized to practice in the Southern District of Georgia, which is the district wherein the action for which the deposition and production were to be taken. Consequently, although not authorized to practice in the Eastern District of Pennsylvania, I would interpret Federal Rule of Civil Procedure 45 as permitting Mr. Draper on behalf of the court to sign a subpoena issued from the Eastern District of Pennsylvania. No question has been raised by Mr. Lowry as to Mr. Draper signing the subpoena.[2]

■ Mr. Lowry contends that the subpoena by its heading, issued from the Southern District of Georgia and was therefore defective, because there is no provision for serving such a subpoena in Pennsylvania for the taking of a deposition in Pennsylvania. Counsel for movants contend that the heading of the subpoena designating the Southern District of Georgia rather than the Eastern District of Pennsylvania was merely an unimportant misnomer that in no way adversely affected Mr. Lowry's substantive rights. Movants argue that an order invalidating the subpoena on the basis of the incorrect heading of the Southern District of Georgia would be to elevate "form over substance"; that no one ever filed a motion to quash the subpoena, either in this district or the Southern District of Georgia; that neither Mr. Lowry nor his attorneys were aware of the misnomer until after January 10, 1994; and that the claim of invalidity is merely a subterfuge to avoid being held in contempt of court for willfully failing to comply with the subpoena.

The Federal Rules specify the court from which a subpoena shall issue. There is no question that the subpoena involved in this case was required under the rules to issue from the Eastern District of Pennsylvania. Because attorneys may now sign subpoenas, it is the responsibility of the attorney who signs the subpoena to designate the court from which the subpoena issues.

On the standard subpoena form, the only way to ascertain the court from which the subpoena issues is the designation in the

---

2. It does seem questionable, however, that an attorney not admitted to practice before the Eastern District of Pennsylvania could sign a subpoena, *as an officer of the court,* merely because the subpoena is for a deposition to be used in a case pending in another federal judicial district where the attorney signing the subpoena is authorized to practice. Because the validity of the subpoena is not challenged on the ground of an improper signing of the subpoena, this issue is not critical to a determination of whether Mr. Lowry is in contempt of court.

heading of the subpoena. I can only conclude that the subpoena served on January 3, 1994, issued from the Southern District of Georgia, the court designated in the heading.

Counsel for Mr. Lowry contends that the subpoena served on January 3, 1994, is a nullity; and further, since it is designated as issuing out of the Southern District of Georgia, the Eastern District of Pennsylvania court has no jurisdiction to adjudge Mr. Lowry in contempt, especially since no motion has been filed to hold him in contempt in the Southern District of Georgia. I agree that I have no jurisdiction to hold a contempt hearing on a subpoena issued out of the Southern District of Georgia.

The argument of elevating form over substance is often raised where there is some technical defect in legal procedures. Had there been a claim that the subpoena was inadvertently headed in the Southern District of Georgia, even though intended to be the Eastern District of Pennsylvania, or there was some purely clerical error, the argument conceivably would be worth consideration. The record provides no explanation for the clearly incorrect heading. There is no claim that the form was filled in by mistake. It seems clear that the form was filled in as being the Southern District of Georgia intentionally by the attorney who signed the subpoena. It was simply wrong.

■ Lest it be considered arbitrary to invalidate the subpoena because it designated the wrong issuing court, many rules of court and law may be considered by disappointed litigants as arbitrary and harsh (*e.g.*, statutes of limitations, parol evidence rule, statutes of frauds, etc.). Failure of Mr. Lowry to comply with the subpoena served on him on January 3, 1994, does not constitute contempt of court, regardless of whether his failure to comply was done without knowing of the defect in the subpoena. The subpoena issued from the wrong court and, although a timely motion to quash would have been the preferable procedure, this court lacks jurisdiction to enforce it or to hold the party who was ostensibly subpoenaed in contempt for failing to appear.

■ This does not, however, completely resolve the matter because the subpoena issued and served on January 10, 1994, requiring attendance on that day may subject Mr. Lowry to contempt for failure to comply. That subpoena was valid as to issuance and service. There was, however, a timely motion to quash. The only problem is whether the subpoena, served at about 1:45 P.M. for a deposition to commence at 1:30 P.M. on the same day is "unreasonable" as to the notice. Ordinarily, of course, it would be self-evident that it failed to provide adequate notice. Here, however, there is no question that Mr. Lowry had adequate prior notice by the defective subpoena served on January 3, 1994, and by the communications with counsel. He could have complied, albeit he might have been a few minutes late. Instead of complying, he filed, as promptly as possible on the same day, a motion to quash.

Federal Rule of Civil Procedure 45(c)(3)(A) provides that a court shall quash or modify a subpoena if it fails to allow reasonable time for compliance. Although at the time the January 11, 1994 order was entered, requiring Mr. Lowry to appear for the deposition on January 18, 1994, the filing of the motion to quash had not been brought to my attention, nor apparently to movants' attention, the order had the practical effect of modifying the subpoena served on January 10, 1994, leaving open only the question of possible sanctions.

Under certain circumstances, a subpoena to appear "forthwith" might not be unreasonable. In the present case, it is clear that upon being so served, Mr. Lowry immediately sought the advice of Philadelphia counsel who prepared the motion to quash. The motion was certainly not frivolous, particularly because Federal Rule of Civil Procedure 45 provides neither a maximum nor a minimum period of time for compliance. Service of the subpoena occurred at 1:45 P.M. for a deposition to commence at 1:30 P.M. Counsel for Mr. Lowry filed a motion to quash as soon as possible. Mr. Lowry sought and followed the advice of counsel.[3] In my view,

---

3. The advice explained the risks and options of compliance and noncompliance without an ex-

press recommendation as to which route to follow.

on these facts, Mr. Lowry should not be held in contempt of court for failure to attend the deposition on January 10, 1994.

At the show cause hearing on January 19, 1994, Mr. Lowry testified that he had relied upon his Georgia attorneys to schedule the two depositions so that they could be taken consecutively at the same time and place. After being served with the subpoena on January 3, 1994, he had telephone conversations with his Georgia attorney and, thereafter, assumed that the scheduled January 10, 1994 deposition would not take place in Philadelphia. He testified that he relied in part upon receipt of a copy of a letter from his Georgia attorney (Ex. C to the Motion to Quash), mailed to all other attorneys involved in either or both the Georgia federal and the Georgia state court actions. A reading of that letter certainly gives little or no basis for assuming that movants ever agreed to reschedule the January 10, 1994 Philadelphia deposition in the federal action. Nevertheless, it lends credence to Mr. Lowry's asserted belief that his counsel had arranged or would arrange to have both depositions held at one time and place.

Movants presented testimony and evidence demonstrating that they attempted to make reasonable arrangements for deposing Mr. Lowry. The letter, Exhibit C to the motion to quash, asserts that Mr. Lowry would "not be available" on the scheduled date of January 5, 1994, for the Georgia state court deposition. That letter suggested that Mr. Lowry would be available at some unspecified later date in Georgia for both depositions. When the Georgia state court, on application of Savannah College, thereafter set the state court deposition for January 20, 1994, movants were then unwilling to agree to postpone the federal court depositions to that date as it was set beyond the established discovery cut-off date in the federal action.

Movants never agreed to postpone the January 10, 1994 deposition, and did nothing to lead Mr. Lowry's counsel to believe they would so agree. Movants were never advised that Mr. Lowry would not attend, and were, at least at one time, assured by Mr. Lowry's Georgia counsel that Mr. Lowry would attend. Savannah College's attorney tried several times to contact Mr. Lowry's Georgia attorney to confirm the January 10, 1994 hearing, but his telephone calls were unanswered. No objection or question was ever raised as to the validity of the subpoena served on January 3, 1994, and there was never any indication that Mr. Lowry would not appear. When Mr. Lowry failed to appear in Philadelphia on the morning of January 10, 1994, movants contacted Mr. Lowry's Georgia counsel by telephone and were finally told that Mr. Lowry would not appear. No reason was provided.

It appears from the testimony presented at the hearing and from the evidence produced that Mr. Lowry's Georgia counsel is responsible for movants' counsel making a futile trip to Philadelphia. Common courtesy in answering phone calls would have avoided the problem. Based on the testimony and evidence presented at the hearing, were there any way to do so, I would place the considerable expense incurred by movants on Mr. Lowry's Georgia counsel.[4]

Movants have suggested that there appears to have been a deliberate scheme to have Mr. Lowry avoid the deposition and to cause movants' attorneys to make a useless trip. The record does not sufficiently establish such a plot if such did exist.

Mr. Lowry's testimony was that he was led to believe that the January 10, 1994 deposition in Philadelphia would be postponed, and when he learned on January 10, 1994 that it was not postponed, he was unable to obtain his Georgia attorney to attend the deposition and was unwilling to attend in the absence of counsel. Consequently, the motion to quash the subpoena served on January 10, 1994, was filed claiming lack of reasonable notice.

I conclude that Mr. Lowry, a nonparty witness, has, irrespective of any defects in either or both subpoenas, provided an "adequate excuse" (see Fed.R.Civ.P. 45(e)) for not

4. Affidavits have been presented, post-hearing, as authorized by me, that counsels' expenses and fees for the trip to Philadelphia and return totaled $6,613.80. Counsel for Mr. Lowry filed a response challenging the amount and various items. Because no award will be made, I make no determination as to the reasonableness of these amounts.

**90**

appearing for the deposition on January 10, 1994. He will not be held in contempt.

Whether any action or sanction may be imposed against Mr. Lowry's Georgia counsel to place the costs and expenses encountered by movants in having to come to Philadelphia, Pennsylvania, on January 10, 1994 for a deposition that was not held on that day, and thereafter rescheduled for January 18, 1994 by a court order, is not before me. It would appear that any adjudication on that issue, if presented, would have to be in the United States District Court for the Southern District of Georgia, the court from which the subpoena for the January 10, 1994 deposition originally issued.

### ORDER

Upon consideration of the motion of Dr. Virginia Kupritz and the Savannah College of Art and Design to hold Matthew Lowry in contempt of court for failure to comply with subpoenas to appear in Philadelphia, Pennsylvania, on January 10, 1994, for an oral deposition and to produce documents, and to impose sanctions by awarding movants' attorneys' fees and travel costs and expenses in the sum of $6,613.80, after an evidentiary hearing and argument held on January 19, 1994, the motion is DENIED.

Upon consideration of the motion of Matthew Lowry to quash the subpoena issued and served on January 10, 1994, to attend a deposition and produce documents on January 10, 1994, and after an evidentiary hearing and oral argument held on January 19, 1994, the motion is DENIED as moot, it appearing that the deposition took place and the documents were produced on January 18, 1994 pursuant to an order of this court entered on January 11, 1994.