**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

JANINE M. SALOMONE
COMMISSIONER

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0661

September 12, 2019

Paula C. Witherow, Esquire
Cooch and Taylor, P.A.
1000 West Street, 10th Floor
Wilmington, DE 19899-1680

Frederick L. Cottrell, III, Esquire
Jason J. Rawnsley, Esquire
Richards. Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Re: *Leon Beresford v. John Doe(s).*
*Case No.: N19M-01-018*
*Maryland Case No. 458653V*

Dear Counsel:

This is the Court's decision on Plaintiff's Motion for Contempt, Request for Sanctions, and Request for an Order Compelling CSC Holdings, LLC ("CSC") to Comply with Subpoena (the "Motion for Contempt").[1] The Court has considered Plaintiff's Motion for Contempt filed on April 26, 2019, non-party CSC'S Opposition to Motion for Contempt filed on May 9, 2019,[2] Plaintiff's Supplemental Brief in Support of its Motion for Contempt filed on May 31, 2019,[3] CSC's Response to Supplemental Brief filed on June 7, 2019,[4] and the arguments made at the hearing

---

[1] Pl.'s Mot. for Contempt, Request for Sanctions, and Request for an Order Compelling CSC Holdings, LLC to Comply with Subpoena [hereinafter "Mot. for Contempt"].

[2] CSC's Opposition to Motion for Contempt [hereinafter "Opp. to Mot. for Contempt"].

[3] Pl.'s Supp. Br. in Supp. of Mot. for Contempt [hereinafter "Supp. Br."].

[4] CSC's Resp. to Supp. Br. [hereinafter "Resp. to Supp. Br."].

held on Plaintiff's Motion for Contempt on May 10, 2019. For the reasons stated below, Plaintiff's Motion for Contempt is **DENIED**.

### *Factual Background*

Plaintiff served a subpoena on non-party CSC on January 11, 2019 requesting that "[a]ll documents, electronically stored information, or other records, including but not limited to all names, mailing addresses, phone numbers, billing information, date of account creation, account information, and all other identifying information of the individual or account holder who had the Internet Protocol ('IP") address of 24.45.228.87 ("IP Address") on November 17, 2017 at 12:59 p.m."[5] The subpoena requested that the documents be produced at a deposition to be held on February 19, 2019, but was accompanied by a letter indicating that CSC "may be excused from appearing at the February 19, 2019 deposition if you produce the requested documents and records by mailing them in advance to [undersigned counsel.]"[6]

Plaintiff's underlying lawsuit, filed in Maryland, claims Plaintiff has been damaged, both personally and professionally, by anonymous individual(s) who sent emails and tweets to his employer and clients containing racist and homophobic slurs against Plaintiff.[7] Prior to serving CSC with a subpoena, Plaintiff subpoenaed Google, LLC ("Google") and learned that the aforementioned emails were sent from a computer located in the New York City area and that the alleged offenders communicated with Google by using internet access provided by an internet service provider owned by CSC.[8] Plaintiff believes that the IP Address referenced in the subpoena is the IP address that the perpetrators used to open the gmail accounts from which the derogatory emails were sent.[9]

On January 17, 2019, Mr. John Hernandez, a Service Operations Analyst for Yaana, contacted Plaintiff's counsel by phone.[10] Yaana provides legal compliance

---

[5] Mot. for Contempt at ¶¶ 4, 6.

[6] Mot. for Contempt at ¶ 7.

[7] Mot. for Contempt at page 1.

[8] Mot. for Contempt at page 1.

[9] Mot. for Contempt at ¶ 5.

[10] Opp. to Mot. for Contempt at Ex. A. at ¶ 2 [Ex. A is hereinafter referred to as "Aff. of John Hernandez"].

operation services for its clients, including CSC.[11] As a Service Operations Analyst, Mr. Hernandez processed subpoenas served on CSC under the supervision of counsel.[12] Plaintiff and CSC dispute the representations made by Mr. Hernandez during this communication. Plaintiff alleges that Mr. Hernandez expressed concerns with the subpoena, but agreed to provide the requested documents.[13] CSC, on the other hand, asserts that Mr. Hernandez never agreed to produce the requested documents and advised Plaintiff's counsel that CSC needed a court order in order to comply with the discovery request pursuant to the Cable Communications Privacy Act (the "Cable Act").[14] According to Mr. Hernandez, he also indicated that CSC would likely not have information responsive to the subpoena in light of CSC's record retention policies and the date for which the information was sought.[15]

Having not received the documents prior to the scheduled deposition, Plaintiff's counsel traveled from Baltimore, Maryland to Wilmington, Delaware on February 19, 2019 and appeared for the deposition.[16] CSC failed to appear.[17] Plaintiff's counsel did not reach out to Mr. Hernandez again until April 24, 2019, prior to filing the Motion for Contempt.[18] At no time did CSC file a motion to quash

---

[11] Id.

[12] Id. at ¶ 4.

[13] Mot. for Contempt at ¶ 8. See also Hearing Tr. At 7:6-9 (where Plaintiff's counsel stated as follows: "CSC said: Well, I think you need an order, but we'll produce documents to you anyway. We will produce the responsive documents and we will send you a letter outlining our objections." In its Supplemental Briefing, Plaintiff's counsel qualified the foregoing statements as follows: "During the January 17, 2019 telephone call, Mr. Hernandez informed [Plaintiff's counsel] that CSC had some objections to the subpoena that he would memorialize in a letter which would be sent shortly. Mr. Hernandez did not tell me that he believed an order, other than the subpoena, was required." Supp. Br. at 6 (citing Celso Aff. ¶ 5-6).

[14] Aff. of John Hernandez at ¶¶ 5-7; The Cable Act prohibits "cable operator[s] from "disclos[ing] personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned . . . ." 47 U.S.C. §551(c)(1). Notwithstanding the foregoing, disclosure of such identifiable information may be "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Id. §551(c)(2)(B).

[15] Aff. of John Hernandez at ¶ 5.

[16] Mot. for Contempt at ¶ 12.

[17] Mot. for Contempt at ¶ 13.

[18] Mot. for Contempt Ex. 4 ¶11; Aff. of John Hernandez at ¶ 7.

3

the subpoena, seek a protective order, or file written objections to the subpoena.[19] Nor did CSC object to service of the subpoena.

### *Contentions of the Parties*

Plaintiff argues generally that non-party CSC'S failure to respond to the subpoena has prejudiced Plaintiff's ability to prosecute his lawsuit and has caused Plaintiff to incur unnecessary legal fees and costs. Plaintiff's counsel contends that he attempted to obtain the relevant information from CSC, through Mr. Hernandez, but that after reluctantly agreeing to provide the requested documents, CSC failed to do so. Non-party CSC argues, among other things, that it never agreed to provide the requested documents and that (i) the subpoena at issue was facially invalid because Plaintiff failed to seek leave of Court prior to issuing the subpoena as required by the Cable Act, and (ii) Plaintiff failed to meet the burdensome summary judgment standard required to compel CSC to produce identifying information of an anonymous internet speaker (or otherwise show that the standard does not apply) as articulated by the Delaware Supreme Court in *Doe v. Cahill.*[20]

### *Standard of Review*

Discovery in a civil case is generally controlled by Delaware Superior Court Civil Rule 26 ("Rule 26").[21] "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, including the existence, description, nature, custody, condition and location of any documents, electronically stored information (ESI), or tangible things and the identity and location of persons having knowledge of any discoverable matter."[22] However, Rule 26(b)(1) states that the Court shall limit the extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or (iii) the discovery sought is not

---

[19] Mot. for Contempt at ¶ 19.

[20] *Doe v. Cahill*, 884 A.2d 451 (Del. 2005).

[21] DEL. SUPER. CT. CIV. R. 26.

[22] DEL. SUPER. CT. CIV. R. 26(b)(1).

4

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[23]

In addition, Delaware Superior Court Civil Rule 45 ("Rule 45") specifically addresses subpoenas and provides as follows:

> a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena . . . serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.[24]

With respect to subpoenaed information, Rule 45 further provides "[o]n timely motion, the Court shall quash or modify a subpoena if it . . . requires disclosure of privileged information or other protected matter and no exception or waiver applies."[25]  Failure to obey a subpoena without adequate excuse may be deemed a contempt of court.[26]

### *Discussion*

A "subpoena is not an invitation to attend.  It is a command to appear."[27] Although CSC provides the Court with a number of rational reasons for its failure to

---

[23] DEL. SUPER. CT. CIV. R. 26(b)(1)(i)–(iii).

[24] DEL. SUPER. CT. CIV. R. 45(c)(2)(B).

[25] DEL. SUPER. CT. CIV. R. 45(c)(3)(A)(i)–(ii).

[26] DEL. SUPER. CT. CIV. R. 45(e).

[27] *Division of Family Services v. A.B.,* 980 A.2d 1045, 1050 (Del. Fam. Ct. 2009).

5

respond to the subpoena, it is undisputed that CSC failed to comply with the requirements of Rule 45.

Pursuant to Rule 45, upon receipt of the subpoena on January 11, 2019, CSC was required to serve Plaintiff's counsel with its *written* objections to the subpoena within 14 days. On or about January 17, 2019, Mr. Hernandez contacted counsel to Plaintiff by phone regarding CSC's issues with the subpoena. Neither CSC nor any of its representatives reduced its objections to writing. Nor did CSC bring a timely motion before this Court to quash the subpoena based on its belief. Simply put, the telephone call was an insufficient response to the subpoena under Rule 45.

CSC cites two cases to support its position that it is not obligated to comply with an invalid subpoena, but neither case stands for that proposition.[28] In *Hallamore Corp.*, while the subpoena at issue was ultimately deemed invalid by the District Court on jurisdictional grounds, the subpoenaed third party "served its objections to the subpoena and stated that it would not produce documents responsive to the subpoena."[29] Such action was taken by the subpoenaed third party in accordance with the federal analog to Rule 45.[30] Likewise, in *CareToLive*, while contending that the subpoena at issue was facially invalid, the subpoenaed third party nevertheless served plaintiff's counsel with objections under Rule 45 of the Federal Rules of Civil Procedure.[31] Therefore, even if a subpoena is facially invalid (which is a matter for the Court to decide), the third party must respond in writing to the subpoena in accordance with Rule 45 or, preferably, file a motion to quash.[32] CSC

---

[28] See *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76 (D. Del 2009); *see also CareToLive v. von Eschenbach*, 2008 WL 552431 (S.D. Ohio Feb. 26, 2008).

[29] *Hallamore Corp*, 259 F.R.D. at 78. The subpoenaed third party made 13 objections to the subpoena. *Id.* After discussion among the parties regarding the scope of the subpoena, while still alleging that the subpoena was invalid, the third party produced documents in response to certain of the requests. *Id.* Hallamore, unsatisfied with the response, filed a motion to compel. *Id.* at 79.

[30] *See* Fed. R. Civ. P. 45(d)(2)(B). "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

[31] *CareToLive*, 2008 WL 552431 *2.

[32] *Division of Family Services*, 980 A.2d at 1046 (Del. Fam Ct. 2009) (stating that it would have been preferable if the subpoenaed non-party had filed a motion to quash setting forth the reasons

6

may have intended to do so, but did not in this case in violation of Rule 45.

Having determined that CSC failed to comply with Rule 45, the issue as to the proper relief remains. With respect Plaintiff's request that this Court order CSC to fully comply with the subpoena and produce the requested documents, that issue is moot because the requested documents no longer exist. The subpoena seeks information concerning an IP address on November 17, 2017 at 12:59 p.m. The subpoena, however, was not served on CSC's registered agent until January 11, 2019, more than 13 months after the use of the identified IP address. CSC retains IP address information for approximately 6 months.[33] Therefore, at the time the subpoena was served, CSC had no information in its possession that was responsive to the subpoena.[34] Nor did the subpoena put CSC on notice to preserve any other information as the subpoena was specific as to the date and time of the IP address at issue.

Plaintiff argues that had CSC responded to the subpoena and appeared for the deposition that counsel would have had the opportunity to question CSC regarding IP addresses from later dates and times that would have been within CSC's six month retention window. This argument ignores the fact that if CSC had information responsive to the November 17, 2017 date and had furnished it to Plaintiff before February 19, 2019, no deposition would have taken place. If Plaintiff was seeking documents from CSC with respect IP addresses with later dates and times, then the subpoena should have so specified.[35]

As to whether this Court should (i) find CSC in Contempt of Court for its failure to comply with Rule 45, (ii) impose sanctions and (iii) award attorneys' fees

---

for its objections shortly after being served); *Hallamore Corp*, 259 F.R.D. at 80 (stating that in the case of a facially invalid subpoena, the preferable course of action would have been for the subpoenaed non-party to have filed a motion to quash); *see also Kupritz v. Savannah Coll. of Art and Design*, 155 F.R.D. 84, 88 (E.D.Pa. 1994) ("The subpoena issued from the wrong court and, although a timely motion to quash would have been the preferable procedure, this courts lacks jurisdiction to enforce it.").

[33] Resp. to Supp. Br. at pg. 18.

[34] *Id.*

[35] Given that the Court finds the Motion to Compel to be moot, it need not and does not address the substantive arguments raised regarding whether a Court order was required to produce the requested documents pursuant to the Cable Act nor whether *Doe v. Cahill* is applicable here.

to Plaintiff, for the reasons discussed below, the Court declines to do so.

The decision to hold a party in contempt and to impose sanctions is ultimately within the Court's discretion.[36] Orders of civil contempt and for sanctions are not entered lightly by the Court and must be "just and reasonable" under the circumstances.[37] Delaware courts have generally

> required that the movant establish a violation of an order by clear and convincing evidence. . . .The violation must not be a mere technical one, but must constitute failure to obey the Court in a meaningful way. Even where there has been a violation, the Court will consider good faith efforts to comply with the order or to remedy the consequences of non-compliance.[38]

When awarding sanctions, the Court must be satisfied that there was an "element of willfulness or conscious disregard of a court order."[39]

Here, CSC did not ignore or consciously disregard the subpoena, but rather contacted Plaintiff and advised counsel of its view that CSC needed a Court order to comply with the subpoena. In addition, and perhaps more importantly, CSC advised Plaintiff's counsel that it was unlikely that it had any documents in its possession that were responsive to the subpoena. While CSC did not put its objections in writing (which it should have), CSC made a good faith effort to comply with the subpoena and the violation of Rule 45 was a "mere technical one" in this case. If CSC had a history of failing to provide its objections in writing to subpoenas issued pursuant to Rule 45, then the Court might take a different view. But, the Court is not aware of such repeated failures on the part of CSC. Moreover, a subpoena issued by counsel through the Office of the Prothonotary is not the same as an order of this

---

[36] *Dickerson v. Castle*, 1991 WL 208467 (Del. Ch. Oct. 15, 1991).

[37] *Gallagher v. Long*, 2007 WL 3262150, at *2 (Del. 2007) (TABLE).

[38] *In re Indem, Ins. Corp, RRG.*, 2014 WL 31710, at *9 (Del. Ch. Jan. 2, 2014) (quoting *Dickerson v. Castle*, 1991 WL 208467, at *4 (Del. Ch. Oct. 15, 1991) (internal citations omitted).

[39] *Gallagher*, 2007 WL 3262150, at *2 (Del. 2007) (TABLE); see *Matter of Indemnity Insurance Corp., RRG*, 2014 WL 31710 (finding party in contempt of court and ordering sanctions where party willfully returned cars to insurance company in a manner calculated to interfere with the operations of the business and in direct violation of the court's orders.).

Court.[40] To sanction CSC as if it were, would not be just and reasonable.

In addition, Plaintiff's counsel is at least partially responsible for certain of the costs incurred. After Plaintiff's counsel spoke with CSC's representative on January 17, 2019 and was advised that CSC did not believe the subpoena was valid,[41] Plaintiff was at least constructively on notice that CSC did not intend to produce the requested documents. Rather than bring a motion to compel at that time, Plaintiff's counsel waited until February 19, 2019 and drove to Wilmington to make a record of CSC's failure to appear. Plaintiff's counsel did not contact CSC immediately prior to the scheduled deposition to confirm CSC's attendance (or that, alternatively, CSC was producing the requested documents), which would have been the prudent thing to do given the prior communication between CSC and Plaintiff's counsel. Moreover, Plaintiff's counsel was not admitted *pro hac vice* in this state at the time he took the deposition in violation of Delaware Superior Court Rule 90.1 and Delaware Lawyers' Rules of Professional Conduct Rule 5.5. To award attorneys' fees or impose sanctions on non-party CSC under such circumstances would be inappropriate.

---

[40] See *State v. Waid*, 2014 WL 4467085, *1 (Del. Super. Ct. Sept. 9, 2014) ("The subpoena was not issued pursuant to a Court order, but by Defendant's counsel through the Prothonotary's office."). Plaintiff argues that based on the decision in *Division of Family Services v. A.B.*, 980 A.2d 1045 (Del. Fam. Court 2009), a finding of civil contempt and sanctions is appropriate in this case. While the court in *Division of Family Services* did find the private agency in contempt for failing to appear in Court on two occasions despite a subpoena *duces tecum* having been served, it is an important distinction that the subpoena in *Division of Family Services* was Court ordered.

[41] Mot. for Contempt at Ex. 5 pg. 6. At the deposition, Plaintiff's counsel stated on the record that "CSC Holdings has not – has informed us that they do not believe they are subject to this subpoena. And our position is that is incorrect."

For the foregoing reasons, Plaintiff's Motion for Contempt, Request for Sanctions, and Request for an Order Compelling CSC to Comply with Subpoena is **DENIED**.

Very truly yours,

Janine M. Salomone
Commissioner of the Superior Court

oc:    Prothonotary
cc:    All counsel via File&Serve