**DAVID FRANK PURJET, individually, and as father and next friend and friend of CARRIE RENEE PURJET, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORPORATION, THE LITWIN CORPORATION, AMERADA HESS CORPORATION, ST. CROIX PETRO–CHEMICAL CORPORATION, KEENE CORPORATION, OWENS–CORNING FIBERGLASS CORPORATION and XYZ ASBESTOS MANUFACTURING AND DISTRIBUTING CORPORATION, Defendant**

Civil No. 1985/284

District Court of the Virgin Islands

Div. of St. Croix

January 8, 1986

EDWARD HASKINS JACOBS, ESQ. (JACOBS & BRADY), St. Croix, V.I., *for plaintiff*

LEE J. ROHN, ESQ. (BRITAIN H. BRYANT), St. Croix, V.I., *for defendant HOVIC*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This motion for summary judgment requires us to decide whether exposure to asbestos alone is sufficient to state a cause of action in the Virgin Islands. For the reasons stated herein, we hold it does not.

### I. FACTS

Plaintiff David Purjet worked as an insulation supervisor for Litwin Panamerican Corp. for two years. He alleges that over the course of his employment he was repeatedly exposed to asbestos at the St. Croix refinery of defendant Hess Oil Virgin Islands Corp. "(HOVIC"). Purjet also brings suit on behalf of his daughter, Carrie Renee Purjet, alleging she was exposed to the asbestos that he inadvertently brought home on his clothing.

It is undisputed that the plaintiffs are not presently suffering from an asbestos-related disease. Rather, their suit is grounded on the consequences of the lengthy latency period of these ailments.

HOVIC brought this motion for summary judgment on the ground that the plaintiffs have failed to state a legally cognizable claim.

## II. DISCUSSION

The plaintiffs have asserted four causes of action: enhanced risk of developing an asbestos-induced disease; intentional and negligent infliction of emotional distress as a result of the enhanced risk, and the need to undergo diagnostic screening.

### A. *Enhanced Risk*

Actual injury or damage is an essential element of a tort cause of action. Restatement (Second) of Torts § 7; W. Prosser and P. Keeton on Torts (5 ed. 1984) at 165. The Purjets ask us to dispense with this requirement because the claim of enhanced risk seeks present damages for a possible future injury.

Courts examining claims arising from exposure to carcinogens have consistently dismissed the cases pending manifestation of an injury related to the exposure. In Schweitzer v. Consolidated Rail Corp., 758 F.2d 936 (3d Cir. 1985), the Third Circuit rejected the contention that exposure to asbestos alone stated a cause of action under the Federal Employers' Liability Act ("F.E.L.A."). Schweitzer involved asbestosis suits which were filed after the plaintiffs' employer had consummated reorganization. As railroad workers, the plaintiffs were required to follow F.E.L.A. regulations which define non-dischargeable claims as those in existence prior to the consummation of the employers' reorganization. In dismissing the case, the court stated:

> [S]ubclinical injury resulting from exposure to asbestos is insufficient to constitute the actual loss or damage to a plaintiff's interest required to sustain a cause of action under generally applicable principles of tort law.

Id. at 942.

The court also found that policy prevented a contrary result.

> Moreover, we are persuaded that a contrary rule would be undesirable as applied in the asbestos-related tort context. If mere exposure to asbestos were sufficient to give rise to a F.E.L.A. cause of action, countless seemingly healthy railroad workers, workers who might never manifest injury, would have tort claims cognizable in federal court. It is obvious that proof

of damages in such cases would be highly speculative, likely resulting in windfalls for those who never take ill and insufficient compensation for those who do. Requiring manifest injury as a necessary element of an asbestos-related tort action avoids these problems and best serves the underlying purpose of tort law: the compensation of victims who have suffered. Therefore we hold that, as a matter of federal law, F.E.L.A. actions for asbestos-related injury do not exist before manifestation of injury.

Id. at 942.

Similarly, in Mink v. University of Chicago, 460 F. Supp. 713 (N.D. Ill. 1978), the court held that a risk of cancer stemming from ingestion of diethylstilbestrol ("DES") would not state a products liability claim in the absence of a concrete physical injury. Id. at 719. See also Morrissy v. Eli Lilly & Co., 394 N.E.2d 1369, 1376 (Ill. App. Ct. 1979) ("exposure to DES *in utero* and the possibility of developing cancer or other injurious conditions in the future is an insufficient basis upon which to recognize a present injury"); Ayers v. Jackson Township, 461 A.2d 184, 186–88 (N.J. Super. Ct. Law Div. 1983), rev'd on other grounds 493 A.2d 1314 (N.J. Super. App. Div. 1985) (distinguishing enhanced risk cases where underlying injury was manifest).

■ Since it is undisputed that the plaintiffs are presently free of any asbestos-related disease, we hold that their claim for enhanced risk fails to state a legally cognizable cause of action.

B. *Emotional Distress*

The plaintiffs allege that they have suffered emotional distress as a result of HOVIC's act of exposing Purjet, and therefore Carrie Renee, to asbestos, thus increasing their chances of contracting a disease. HOVIC's acts are characterized alternatively as intentional and negligent. We will examine these allegations separately.

(1) Intentional Infliction of Emotional Distress.

Restatement (Second) of Torts § 46 defines this tort:

Emotional Distress

1. One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

150

2. Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

(b) to any other person who is present at the time, if such distress results in bodily harm.[1]

■ Purjet must prove intent, injury and the requisite conduct to warrant denial of HOVIC's motion.

As for injury, Comment j to § 46 states:

Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. It is only where it is extreme that the liability arises. . . . The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. . . .

See Moolenaar v. Atlas Motor Inns, Inc., 616 F.2d 87, 89 (3d Cir. 1980) (indicating the requisite severity).

The requisite conduct is described in Comment d:

Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . . The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

■ HOVIC argues correctly that the pleadings are devoid of any evidence indicating that Purjet has suffered the intense psychological distress required to maintain a claim under § 46 and comment j. Indeed, he continues to smoke cigarettes in spite of the effect asbestos may have upon the respiratory system.

---

[1] Preliminarily we note that subsection (2)(a) bars Carrie Renee Purjet's claim due to the bystander's requirement of presence when the impact occurred.

■ Moreover, we find Purjet has failed to meet the intent requirement. It is undisputed that HOVIC moved quickly and responsibly to remove the asbestos from the refinery once it had knowledge of the hazard. The conduct requirement is lacking for the same reasons.

(2) Negligent Infliction of Emotional Distress.

Restatement (Second) of Torts § 313 defines this cause of action:

Emotional Distress Unintended

1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor

(a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and

(b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.

2) The rule stated in Subsection (1) has no application to illness or bodily harm of another which is caused by emotional distress arising solely from harm or peril to a third person, unless the negligence of the actor has otherwise created an unreasonable risk of bodily harm to the other.

■■ Because neither plaintiff has alleged that the emotional distress resulted in physical injury, we find that § 436A of the Restatement is controlling. It provides:

Negligence Resulting in Emotional Disturbance Alone

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

As with the enhanced risk cause of action, courts examining the issue of whether exposure to carcinogens and the resulting fear of developing a disease have distinguished the situation where the plaintiff manifests an injury. In Ayers, supra, the court held that an action for "cancerphobia" would not lie unless "emotional injury as evidenced by substantial bodily injury or sickness has resulted from knowledge that plaintiffs have ingested contaminants." Id. at 189.

The Pennsylvania courts have held that a plaintiff who was exposed to asbestos carried on a family member's clothing could maintain emotional distress action only if they developed a disease. Cathecart v. Keene Industrial Insulation, 471 A.2d 493, 508 (Pa. Super. 1984); Beradi v. Johns-Manville Corp., 482 A.2d 1067, 1071–72 (Pa. Super. 1984) [distinguishing Plummer v. United States, 580 F.2d 72 (3d Cir. 1978), where plaintiffs were actually infected with tubercle bacilli]. See also Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129, 1138 (5th Cir. 1985); Wisniewski v. Johns-Manville Corp., 759 F.2d 271 (3d Cir. 1985); Tysenn v. Johns-Manville Corp., 517 F. Supp. 1290 (E.D. Pa. 1981). Once again, because we find no dispute regarding the present absence of an actual injury, summary judgment must be granted in favor of HOVIC on the issue of negligent infliction of emotional distress.

C. *Diagnostic Testing*

■ Finally, the Purjets assert that they are entitled to periodic medical monitoring. Such relief is subject to the damage requirement and, therefore, is appropriate only when a demonstrable injury caused by a negligent act increases the probability of developing ailments in the future. This rule is illustrated by Friends for All Children v. Lockheed Aircraft Corp., 746 F.2d 816 (D.C. Cir. 1984), which concerned the enhanced risk of developing epilepsy as a result of a serious head injury. In granting the plaintiffs' request for diagnostic treatment there, the court distinguished the chemical exposure cases on the grounds that there was no actual injury. Id. at 826.

In Ayers v. Jackson Township, 493 A.2d 1314 (N.J. Super. A.D. 1985), the appellate court reversed an award for medical screening, reasoning that physical manifestation of a disease was required to justify imposing upon the defendant the plaintiffs' lifelong costs of cancer detection. Id. at 1323.

In support of their claim, the Purjets cite Askey v. Occidental Chemical Corp., 477 N.Y.S.2d 242 (A.D. 4 Dept. 1984), where the court held that medical monitoring could be recovered if the plaintiffs, Love Canal property owners, could establish with a "reasonable degree of medical certainty that such expenditures are 'reasonably anticipated' to be incurred by reason of their exposure" to toxic chemicals. Id. at 247.

We are bound, however, to follow the Restatement's rule that actual injury is an indispensable element of a tort cause of action and, therefore, hold that the Purjets have failed to state a valid claim.[2]

## III. CONCLUSION

■ A tort claim will not lie in the absence of a demonstrable injury. As a result, we hold that the mere exposure to asbestos is insufficient to state a cause of action.

## SUMMARY JUDGMENT

THIS MATTER is before the Court on the motion of defendant Hess Oil Virgin Islands Corp. ("HOVIC") for summary judgment. The Court having filed its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED AND ADJUDGED:

THAT HOVIC's motion for summary judgment be, and the same is hereby GRANTED, and further

THAT the plaintiffs' complaint against HOVIC be, and the same is hereby DISMISSED WITH PREJUDICE.

---

[2] 1 V.I.C. § 4 provides:

Application of common law; restatements.

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.