Brent ELAM, Individually and as Father
and Next Friend of Sharon K. Elam
and of Cory T. Elam, Plaintiffs,

v.

RYDER AUTOMOTIVE OPERATIONS,
INC., d/b/a Delavan, Delavan Industries,
Inc., Ryder Automotive Carrier Group,
Inc., Ryder's Automotive Carrier Divi-
sion and Ryder System, Inc., and Trans-
port Support, Inc., Defendants.

RYDER AUTOMOTIVE OPERATIONS,
INC., as Successor in Interest to Dela-
van Industries, Inc., Third–Party Plain-
tiffs,

v.

C.F. BENDER CO., INC., Third–
Party Defendant.

No. 94–CV–0151A(F).

United States District Court,
W.D. New York.

July 2, 1998.

**414**

Marcus, Knoer, Crawford & Hilton, L.L.P., David P. Marcus, of counsel, Buffalo, NY, for Plaintiffs.

Saperston & Day, P.C., Peter L. Powers, of counsel, Buffalo, NY, for Defendants and Third–Party Plaintiffs.

Hurwitz & Fine, P.C., Dan D. Kohane, of counsel, Buffalo, NY, for Third–Party Defendant.

**DECISION and ORDER**

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned by the Hon. Richard J. Arcara on April 29, 1994. It is presently before the court on a motion to quash a subpoena (Doc. # 32), filed June 22, 1998.

### BACKGROUND and FACTS

Plaintiff filed this diversity action on March 4, 1994 alleging negligence and products liability. Specifically, Plaintiff claims that on March 11, 1991, while employed in his normal work duties as a driver in Wentzville, Missouri operating a truck manufactured by Defendant Delavan, Plaintiff suffered severe and permanent injuries when the assembly connecting the trailer's pelican hooks broke while Plaintiff was tightening the tie down chains.

On February 12, 1998, Paul K. Isaac, Esq., took the statement of Richard Cuedeck, a former employee of Defendant Ryder Automotive Operations, Inc. ("Ryder"), in preparation for litigation of an unrelated action pending in New York Supreme Court, *Lang*

v. *Ryder Automotive Operations, Inc., d/b/a Delavan; Delavan Industries Inc.* Isaac represents the plaintiff in that action in which claims similar to those in the instant action are asserted. Cuedeck signed the statement on April 30, 1998, and it is undisputed that Isaac is in possession of the only signed and sworn copy of the transcribed statement.

On May 14, 1998, Plaintiff's attorney, David P. Marcus, Esq., subpoenaed Richard Cuedeck to appear at Marcus's law office for the taking of his deposition on Friday, June 5, 1998 with regard to the instant case. On June 2, 1998, Cuedeck moved to modify that subpoena to adjourn the taking of Cuedeck's deposition until Cuedeck received and reviewed a copy of the statement he made to Isaac on February 12, 1998. Cuedeck also requested a court order directing Isaac to provide him with a copy of the statement pursuant to Fed.R.Civ.P. 26(b)(3). On June 12, 1998, the undersigned granted the requested adjournment of Cuedeck's deposition pending resolution of the issues raised by Cuedeck.

On June 16, 1998, Cuedeck's attorney, J. Michael Lennon, Esq., served Isaac with a subpoena duces tecum requesting production of the statement.

On June 17, 1998, Isaac opposed Cuedeck's request to modify the subpoena arguing that Cuedeck lacks standing to compel production of the statement as he is not a party to either the *Elam* or the *Lang* case. Isaac further maintains the such information is protected from disclosure by the attorney work-product doctrine.

On June 22, 1998, Isaac moved to quash Cuedeck's subpoena on the grounds that it is procedurally defective, Cuedeck has no standing to subpoena the statement, and the statement is protected from disclosure by the attorney work-product doctrine.

On June 24, 1998, Cuedeck replied in further support of his motion to compel production of Cuedeck's statement and in opposition to Isaac's motion to quash Cuedeck's subpoena.

For the reasons as set forth below, the motion to quash the subpoena is DENIED.

## DISCUSSION

### 1. Failure to Include the Text of Subdivisions (c) and (d) in Cuedeck's Subpoena

■ As a threshold matter, Isaac argues that Cuedeck's subpoena is procedurally defective as it fails to include the text of Fed. R.Civ.P. 45(c) and (d) as required under Rule 45(a)(1)(D). Affidavit of Paul K. Isaac, Esq., in Support of Motion to Quash Subpoena, (Affidavit in Support of Motion to Quash), Exhibit A to Motion and Notice of Motion to Quash Subpoena, filed June 22, 1998, (Doc. # 32), ¶ 7. Cuedeck has not responded to this argument.

The form of a subpoena is governed by Fed.R.Civ.P. 45(a) and includes a provision that every subpoena "set forth the text of subdivisions (c) and (d) of this rule." Fed. R.Civ.P. 45(a)(1)(D). Subdivision (c) provides a person subjected to a subpoena with protection from undue burden or expense in connection with the subpoena and sets forth the grounds on which a subpoena may be quashed. Fed.R.Civ.P. 45(c). Subdivision (d) ascribes certain duties to a person responding to a subpoena. Fed.R.Civ.P. 45(d). Inclusion of the text of subdivisions (c) and (d) in every subpoena ensures that the recipient of the subpoena is fully aware of both the available options that may be exercised in contesting the subpoena as well as the recipient's obligations in responding to the subpoena. Fed.R.Civ.P. 45 Advisory Committee Notes on 1991 amendments to Rules.

Isaac points to no case law in support of his position and the only case the court's research has found on point is *Anderson v. Government of the Virgin Islands*, 180 F.R.D. 284 (D.Vi.1998) (quashing subpoena for, among other things, failing to include the text of subdivisions (c) and (d)). However, the court in *Anderson* cites nothing in support of its decision.

Significantly, failure to set forth the text of subdivisions (c) and (d) within a subpoena is not among the enumerated grounds for which a subpoena may be quashed.[1] Fed. R.Civ.P. 45(c)(3)(A). Moreover, Isaac cannot argue that he was prejudiced by Cuedeck's failure to include the text of subdivisions (c) and (d) in the subpoena as, Isaac's motion to quash the subpoena on that ground as well as on other grounds provided for in subdivision (c) indicates his awareness of such provisions. To quash the subpoena as procedurally defective under these circumstances would be to elevate form over substance, an invitation which the court declines. The court finds that absent a showing of real prejudice arising from Cuedeck's failure to include subdivisions (c) and (d) in the subpoena, no basis to quash is presented. Isaac's request on this ground is, therefore, DENIED.

### 2. Standing

According to Isaac, Fed.R.Civ.P. 26 is a discovery statute and Cuedeck, who is not a party in either the *Elam* or *Lang* case, is not entitled to rely on the discovery provisions available to parties involved in litigation in federal courts. Affidavit in Support of Motion to Quash, ¶ 17. Isaac argues that as Cuedeck is not a real party in interest in the *Elam* case he is precluded from seeking such relief by Fed.R.Civ.P. 17 which requires that "every action shall be prosecuted in the name of the real party in interest...." *Id.*, ¶¶ 8–9 (quoting Fed.R.Civ.P. 17(a)). Isaac further maintains that none of the Federal Rules of Civil Procedure provide a non-party with the authority to issue a subpoena. *Id.*, ¶ 10.

■ Cuedeck, however, asserts Fed. R.Civ.P. 26(b)(3) entitles him to a copy of his statement. Reply Affidavit of J. Michael Lennon, Esq., filed June 29, 1998, (Doc. # 33), ¶ 3. Cuedeck further maintains that nothing within the purview Rule 45 indicates

---

1. According to Fed.R.Civ.P. 45(c)(3)(A), "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person ..., or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden."

that the subpoena power is limited to the parties to a pending action. *Id.*, ¶ 8.

As relevant, Fed.R.Civ.P. 26(b)(3) provides

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. *Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person.* If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Fed.R.Civ.P. 26(b)(3) (emphasis added).

Thus, Rule 26 specifically provides that a person who is not a party to an action may, nevertheless, obtain a statement concerning the action provided that such statement is his own. As such, Cuedeck has properly relied on Fed.R.Civ.P. 26(b)(3) as ground for granting his request for a copy of his statement made on February 12, 1998.

■ Further, although Isaac argues that the Federal Rules of Civil Procedure do not permit Cuedeck, as a non-party, to issue a subpoena, Isaac points to no authority in support of his position. In fact, Rule 45 provides that

[a]n attorney as officer of the court may also issue and sign a subpoena on behalf of

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

Fed.R.Civ.P. 45(a)(3)(A) and (B).

On its face, the authority to issue subpoenas under Rule 45 is not limited to parties to a pending action. In the instant case it is undisputed that Lennon is an attorney who is authorized to practice in this court, located in the district in which production of the statement is compelled by the subpoena. Accordingly, Lennon was authorized to issue and sign Cuedeck's subpoena requesting production of his statement. Fed.R.Civ.P. 45(a)(3)(a) and (B).

Thus, as Cuedeck has properly acted under both Rule 26(b)(3) and 45 to obtain a copy of his February 12, 1998 statement from Isaac, Cuedeck's subpoena may not be quashed based on a lack of standing.

### 3. *Attorney Work–Product Doctrine*

■ Isaac further opposes providing Cuedeck with a copy of his statement on the ground that it is protected from disclosure by the attorney work-product doctrine and that Cuedeck cannot make the requisite showing that he has a substantial need for such information to prepare his case and will be unable, without undue hardship, to otherwise obtain such information. Affidavit in Support of Motion to Quash, ¶¶ 12–22. Cuedeck asserts that Fed.R.Civ.P. 26(b)(3) exempts him, as the maker of the requested statement, from having to demonstrate a need for the statement based on undue hardship and inability to obtain through other means information that is otherwise subject to the attorney work-product doctrine. *Id.*, ¶ 10.

According to the relevant Advisory Committee Notes, Rule 26(b)(3) now codifies the attorney work-product doctrine insofar as it provides for protection by the court "against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation," absent "a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3), and

Advisory Committee Notes to 1970 amendments to Rules. However, as amended Rule 26 specifically exempts a person who requests a copy of his own statement, whether or not a party to the litigation, from the required showing of substantial need and undue hardship. *Id.* As written, Rule 26 displaces the attorney work-product doctrine as a basis for denying disclosure of a particular statement to the maker of such statement, provided it concerns the action or its subject matter. Advisory Committee Notes to 1970 amendments to Rules; *See also* Edna Selan Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine,* 3d ed., 383–84 (1997) (observing that Rule 26(b)(3) provides an exception to attorney work-product protection from disclosure where a person, whether or not a party to an action, requests production of his own statement). It is undisputed that the subject of Cuedeck's statement relates to the subject matter of the instant action.

Accordingly, even if the attorney work-product doctrine would otherwise protect Cuedeck's statement from disclosure, Rule 26(b)(3) renders that doctrine inapplicable as to Cuedeck's request for production of his own statement. Isaac's motion to quash on that ground is, therefore, DENIED.

### CONCLUSION

Based on the foregoing, the motion to quash the subpoena (Doc. # 32) is DENIED. Mr. Isaac is directed to provide Cuedeck with a copy of the statement made by him on February 12, 1998 within ten (10) days of receipt of this Decision and Order.

SO ORDERED.