**PETER ANDERSON, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS d/b/a VIRGIN ISLANDS POLICE DEPARTMENT, RAMON DAVILA, KENNETH MAPP, ROBERT SOTO, and ELTON LEWIS, Defendants**

Civ. No. 1996-118

District Court of the Virgin Islands

Division of St. Croix

December 1, 1999

LEE J. ROHN, ESQ., *Law Offices of Lee J. Rohn*, St. Croix, VI, *for plaintiff*

CAROL THOMAS JACOBS, ESQ., *Asst. Attorney General*, St. Thomas, VI, *Co-counsel to all defendants*

CARL J. HARTMAN, III, ESQ., New York, NY, *for defendant*

MARK L. MILLIGAN, ESQ., St. Croix, VI, *for defendant*

TRESTON E. MOORE, ESQ., *Moore & Dodson*, St. Thomas, VI, *for defendant*

MOORE, *District Judge*

### SUPPLEMENTARY MEMORANDUM

Plaintiff's lawyer, Attorney Lee Rohn ["Attorney Rohn"], has provided notice that she has appealed this Court's order imposing sanctions on her for abuse of the subpoena process. Although the viability of Attorney Rohn's appeal is in doubt,[1] the Court is more

---

[1] *See* Letter from Kelly A. Glaum, Motions Attorney, Third Circuit Court of Appeals, to All Counsel of Record in *Anderson v. Government of the Virgin Islands*, (Oct. 21, 1999)

concerned with representations made by Attorney Rohn in her filings to the Court of Appeals.

In January and March of 1997, Attorney Rohn, as part of the ongoing litigation in the above-captioned matter, served two subpoenas on the United States Customs Service ["Customs Service"]. Both subpoenas sought documents related to the personnel file of Ramon Davila, a Customs Service employee who was serving as the Commissioner of Police for the Virgin Islands during the period covered by plaintiff's complaint. Defendant Davila moved to quash these subpoenas and requested that the Court sanction Attorney Rohn. Attorney Rohn opposed Davila's motion.[2] This Court granted defendant Davila's motion to quash the subpoenas because of Attorney Rohn's abuse of the subpoena authority granted her by Federal Rule of Civil Procedure 45 and because she refused to follow the Customs Service's regulations set forth in 19 C.F.R. § 103.22(c). *See Anderson v. Government of the Virgin Islands*, 39 V.I. 235, 180 F.R.D. 284, 288-91 (D.V.I. 1998). The Court also granted Davila's request for sanctions against Attorney Rohn and imposed sanctions in the amount of $900 to compensate Davila for the attorney's fees he expended in fighting these flawed subpoenas. *See Anderson v. Government of the Virgin Islands*, Civ. No. 1996-118M, Order at 2 (D.V.I. St. Croix Div. Sept. 3, 1999).

In the required "concise summary of the case" submitted to the Court of Appeals in support of her appeal of the sanction, Attorney Rohn admits that she "failed to use the correct procedure required by the CFR's" in subpoenaing the personnel file of Ramon Davila

---

(advising the parties that the appeal "will be submitted to a panel of [the Third Circuit] for possible dismissal due to a jurisdictional defect"); Letter from Kelly A. Glaum, Motions Attorney, Third Circuit Court of Appeals, to All Counsel of Record in *Anderson v. Government of the Virgin Islands* (Sept. 27, 1999) (same).

[2] The Court gave Attorney Rohn numerous opportunities to be heard on this issue. Following the Court's decision to impose sanctions and as directed by the Court, Davila filed an affidavit of fees and costs, which Attorney Rohn opposed. The Court conducted a hearing on August 31, 1999, at which time the Court heard argument on the appropriate sanction amount. Finally, the Court gave Attorney Rohn yet another opportunity to be heard by allotting her an additional ten days to file any objections to the Court's order of September 3, 1999, imposing the $900 sanction. (*See* Memorandum at 8-9, Civ. No. 1996-118 (D.V.I. Sept. 3, 1999.) The Court granted the additional time because of the possibility that the Court was not clear at the August 31st hearing that sanctions were being imposed against Attorney Rohn personally and not against the plaintiff.

from Customs, but she then attempts to rewrite history by characterizing the mistakes as *"inadvertent and certainly not intentional." Anderson v. Government of the Virgin Islands*, Civ. No. 1999-3772, Concise Summary of the Case at 1 (3d Cir. Oct. 23, 1999) (emphasis added). Since Attorney Rohn's failure to follow the clear regulations of the Customs Service was a secondary basis for the sanctions, the Court did not go into the specifics of the correspondence from the Customs Service in discussing the basis for the sanction. Accordingly, the Court will clarify its earlier opinion by detailing the instructions offered by the Customs Service directly to Attorney Rohn.

On January 16, 1997, Attorney Rohn executed and served a subpoena duces tecum on the "United States Customs Department, Human Resources Management Department" ["January Subpoena"]. (*See* Defendant Davila's Suppl. Mem. in Support of His Mots. to Quash Subpoenas ["Davila Mem."] Ex. B.)[3] The Customs Service responded to Attorney Rohn's subpoena via letter dated January 31, 1997, as follows:

> . . . I am writing on behalf of the agency to object to the production of the documents identified in the subpoena.
>
> First, the subpoena fails to comply with the requirements contained in 19 C.F.R. 103.22(c) (*published in* Federal Register, Vol. 61, No. 87, (May 3, 1996)), which applies to federal civil proceedings in which the Customs Service is not a party. Under such circumstances, this section requires that copies of the summons and complaint in this action be attached to the subpoena, along with an affidavit or statement setting forth a summary of the documents and their relevance to the subject proceeding. Your subpoena merely identifies the documents to be produced and is, therefore, deficient in light of this regulation.

(Davila Mem. Ex. C (Letter from Kristin L. Dubelier, General Attorney, Department of the Treasury, U.S. Customs Service, to Lee J. Rohn, Esq., at 1 (Jan. 31, 1997).) The instructions offered by the

---

[3] For a more in-depth discussion of the content of the January Subpoena, *see Anderson v. Government*, 180 F.R.D. 284 (D.V.I. 1998).

Customs Service were explicit. Not only did the Customs Service advise Attorney Rohn of the relevant section of the Code of Federal Regulations, but it also extended her the courtesy of spelling out the required procedure.

On March 26, 1997, a little over two months later, Attorney Rohn again served the Customs Service with a subpoena duces tecum, this time directing it to the attention of Mr. George Weise, Commissioner, United States Customs Service. (*See* Davila Mem. Ex. D ["March Subpoena"].) Apart from her inclusion of an affidavit offering a cursory summary of the pending litigation, Attorney Rohn's March Subpoena suffered from the same defects as the January Subpoena, despite the earlier instructions provided by the Customs Service. The Customs Service patiently responded again:

> . . . I have attached a copy of my letter to you on January 31, 1997 for your reference, as the current subpoena and notice of deposition contain similar defects, of which you were previously made aware.
>
> The subpoenas again fail to comply with the requirements contained in 19 C.F.R. 103.22(c) (*published in* Federal Register, Vol. 61, No. 87, (May 3, 1996)). Namely, a copy of the summons and complaint in this action was not attached to the subpoena. Furthermore, and without being able to reference the complaint your affidavit merely asserts that the documents requested are "relevant"; you do not explain why those documents may be relevant to the alleged activities which are the subject of the subject complaint. In this regard, I would also encourage you, in connection with the preparation of the required affidavit, to review the factors pursuant to which a properly submitted subpoena will be evaluated by our office. *See* 19 C.F.R. 103.23(a), (b). For the reasons stated, Customs objects to your requests for production of the specified documents.

(Davila Mem. Ex. H (Letter from Kristin L. Dubelier, General Attorney, Department of the Treasury, U.S. Customs Service, to Lee J. Rohn, Esq., at 1 (Apr. 23, 1997).)

■ While this Court was willing to assume that the mistakes in Attorney Rohn's January Subpoena were inadvertent and unintentional, Attorney Rohn's subsequent refusal to comply with the applicable federal regulations after the Customs Service had so carefully pointed out her errors and advised her how to correct them could only have been wilfull. In light of Attorney Rohn's contrary representation to the Court of Appeals, the Court will supplement its June, 1998, opinion reported at 180 F.R.D. 284 (D.V.I. 1999). An appropriate order is attached.

ENTERED this 1st day of December, 1999.

## ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that the Court's memorandum and accompanying order of June 18, 1998, *Anderson v. Government of the Virgin Islands*, 39 V.I. 235, 180 F.R.D. 284 (D.V.I. 1999), is hereby supplemented by the Memorandum attached hereto.

ENTERED this 1st day of December, 1999.