**V. Lorraine CARTER, Plaintiff,**

v.

**CORNELL UNIVERSITY and Ronald Phillips, Defendants.**

**No. 96 Civ. 5927 (CBM).**

United States District Court, S.D. New York.

May 20, 1997.

Gregory Antolino, New York City, for V. Lorraine Carter.

Valerie L. Cross, Office of University Counsel, Cornell University, Ithaca, NY, for Cornell University Medical College, Ronald Phillips.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff has requested a second opportunity to depose an employee of defendant Cornell University Medical College ("Cornell") on the grounds that at the first deposition, defendants' counsel improperly asserted a privilege with respect to certain information plaintiff was seeking. Because the court agrees with defendants that such information is privileged, plaintiff's request is denied.

## BACKGROUND

Plaintiff is a black female who has been employed as an administrative secretary with defendant Cornell since 1984. Plaintiff alleges that despite the fact that she had received uniformly good reviews from defendant Cornell, she was passed over for a promotion in 1992 in favor of a less qualified white male, defendant Phillips. Defendant Phillips became her immediate supervisor as a result of the promotion, at which time he allegedly "began a course of harassment and intimidation against [plaintiff] which had its roots in racial animus" in an attempt to sabotage her employment. For example, defendant Phillips' evaluations of plaintiff were alleged to be considerably lower than her previous evaluations despite the fact that her job performance had not changed. To buttress the claim that this harassment was racially motivated, plaintiff points to a number of allegedly discriminatory statements made by defendant Phillips in the presence of plaintiff and other employees. Plaintiff also notes that another black female was fired for discriminatory reasons and that a Hispanic male had complained about discriminatory behavior by defendant Phillips. Finally, plaintiff maintains that she was recently reprimanded as a result of financial mismanagement in her department which she herself had allegedly brought to defendant Cornell's attention and for which she claims she was not responsible. Plaintiff alleges that the reprimand was in retaliation for her filing a charge of discrimination with the EEOC.

This matter is presently before the court for the resolution of a discovery dispute. During the deposition of one of defendant Cornell's employees, Ms. Patricia Flamm, plaintiff's counsel asked a series of questions regarding interviews conducted by Ms. Flamm with employees of defendant Cornell after the lawsuit had commenced. Defendants objected on the grounds that any interviews conducted by Ms. Flamm [1] during this time were at the specific behest of defendants' counsel and were for the specific purpose of gathering information to be used by counsel in order to render legal advice to defendants. Therefore, according to defendants, such information was protected both under the attorney-client privilege as well as the work product doctrine. Defendants did concede, however, that any information Ms. Flamm had as to investigations or interviews

---

**1.** Ms. Flamm is the Associate Dean of Human Resources at the Cornell University Medical College.

she conducted prior to the filing of the lawsuit was not privileged because they were not in anticipation of litigation and were not done at counsel's request.

Plaintiff insists that the information in dispute is discoverable and seeks to redepose Ms. Flamm since she was unable to obtain the information at the first deposition. The court agrees with defendants as to the assertion of the privileges and therefore denies plaintiff's request for a second deposition.

## ANALYSIS

There are two types of material in dispute. First, there are the oral communications (as well as notes of those communications) between Ms. Flamm and the persons she interviewed, and second, there is a document prepared by Ms. Flamm for counsel reflecting some of the information she collected. The court holds that the interviews are protected under the attorney-client privilege and the document is protected because it is work product.

## I. Attorney-Client Privilege

The attorney-client privilege forbids an attorney from disclosing confidential communications that pass in the course of professional employment from client to lawyer. *U.S. v. Schwimmer*, 892 F.2d 237, 243 (2d Cir.1989). "The relationship of attorney and client, a communication by the client relating to the subject matter upon which professional advice is sought, and the confidentiality of the expression for which the protection is claimed, all must be established in order for the privilege to attach." *Id.* The privilege is intended to encourage clients to be forthcoming and candid with their attorneys so that the attorney is sufficiently well-informed to provide sound legal advice. *Upjohn v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981); *U.S. v. Adlman*, 68 F.3d 1495, 1499 (2d Cir.1995).

■ The assertion of attorney-client privilege in this case is unusual because, strictly speaking, neither the attorney nor the client is involved. The interviews were conducted by Ms. Flamm, not defendants' counsel, and they were conducted with employees of a corporate client.[2] However, for the reasons given below, it is clear that, for the purposes of determining the applicability of the attorney-client privilege, the employees of a corporate client can be considered "clients" and that agents or representatives of an attorney can be considered "attorneys."

### A. Attorneys

As the Second Circuit has noted, "the privilege for communication with attorneys can extend to shield communications to others when the purpose of the communications is to assist the attorney in rendering advice to the client." *Adlman*, 68 F.3d at 1499. Thus, for example, the attorney-client privilege attaches to a communication between a client and a translator hired by the lawyer if the translator's only function is to allow the lawyer to communicate with a client whose language he does not speak. *U.S. v. Kovel*, 296 F.2d 918 (2d Cir.1961). "What is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer*. If what is sought is not legal advice but ... advice [of another kind], no privilege exists." *Id.* (emphasis in original). *Compare Adlman*, 68 F.3d at 1500 (indicating that communications between a client and an accounting firm it hired in order to secure tax advice were not privileged) *with Schwimmer*, 892 F.2d at 243 ("Information provided to an accountant by a client at the behest of his attorney ... is privileged to the extent that it is imparted in connection with the legal representation.")

In the instant case, Ms. Flamm clearly conducted the interviews in question at the request of counsel and for the exclusive use of counsel in rendering legal representation. Thus, Ms. Flamm qualifies as a representative of an attorney for attorney-client privilege purposes.[3]

---

2. Defendant Cornell is a New York state education corporation.

3. Of course, Ms. Flamm, as Associate Dean of Human Resources, does not generally function as counsel's agent and any information which she obtains in connection with her position as Associate Dean is discoverable. However, when, as here, she is told specifically by counsel to conduct an investigation whose sole purpose is to

## B. Clients

The Supreme Court has held that the attorney-client privilege attaches to corporations as well as to individuals. *Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343, 348, 105 S.Ct. 1986, 1990, 85 L.Ed.2d 372 (1985); *Upjohn,* 449 U.S. at 389–90, 101 S.Ct. at 682–83. Communications made between an attorney and a corporate client's employees are privileged so long as they are made to attorneys (or their representatives) for the purpose of securing legal advice and concern matters within the scope of the employees' corporate duties. *Id.* at 394–95, 101 S.Ct. at 685. Thus, in *Upjohn,* a general counsel sent a questionnaire to a number of low level corporate employees requesting certain information so that he could determine whether or not the client was complying with legal requirements. The Court held that the questionnaire was protected under the attorney-client privilege. *Id.* The Court expressly rejected the notion that in order for the privilege to apply, an employee making a disclosure would have to be a member of the "control group" of the client, a limited group of employees with decision-making authority. According to the Court, this would discourage the communication of relevant information and would also create a great deal of confusion in this area, since it is not always clear who is a member of the control group. Instead, the Court held that communications made by any employees acting in their official capacity are privileged so long as they are made for the sole purpose of securing legal advice for the corporate client. *Id.*

This case clearly falls within the holding of *Upjohn.* The employees in this case were interviewed for the exclusive purpose of obtaining legal advice for the client, and the results of those interviews were passed along in written form to defendants' counsel. If such information could be cavalierly disclosed, the company which would decide to conduct a thorough internal investigation in order to prepare for trial would be a rare one indeed. It is precisely because such investigations are vital to effective trial preparation that the Supreme Court has protected this type of information under the attorney-client privilege

## II. The Work Product Doctrine

■ There remains one item which defendant seeks to protect: a document[4] prepared by Ms. Flamm at defendant counsel's direction reflecting the information which she accumulated in the course of her investigation. Defendants claim that this item is protected work product.

The work product doctrine, presently contained in Federal Rule of Civil Procedure 26(b)(3), shields from disclosure materials prepared in anticipation of litigation by a party or a party's representative unless the opposing party can demonstrate a substantial need for the material and an inability to obtain it by other means. FED. R. CIV. P. 26(b)(3); *Adlman,* 68 F.3d at 1501. The purpose of the doctrine is to allow an attorney or another party representative to prepare for trial with a certain degree of privacy, "free from unnecessary intrusion by opposing counsel." *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947). According to the Court, "proper presentation of a client's case demands that [the attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and unnecessary interference." *Id.*

This document very clearly falls within the confines of the work product doctrine. Even a cursory glance at it reveals that it was prepared in anticipation of litigation, and Ms. Flamm, both as Associate Dean and as counsel's agent, certainly qualifies as a "party representative." Finally, plaintiff cannot demonstrate substantial need since all of the information contained in the document is culled from interviews with Cornell employ-

---

assist counsel in rendering legal representation and she undertakes such an investigation, she becomes counsel's agent for the purposes of that investigation.

4. Unfortunately, the document in question is of such a nature that it cannot be adequately described without breaching defendant's privilege. Therefore, the court refers to it simply as a document without further specification.

ees whom plaintiff has deposed or was certainly free to depose. While plaintiff could never have asked these witnesses what they told Ms. Flamm or what Ms. Flamm told them (since such information is, for the reasons explored above, protected under the attorney-client privilege), plaintiff was free to ask them about those matters which were the subject of this lawsuit, which is essentially what Ms. Flamm did in preparing the document.

## CONCLUSION

For the foregoing reasons, the court holds that the interviews conducted by Ms. Flamm after the lawsuit commenced and the notes taken from those interviews are protected under the attorney-client privilege and that the document prepared at counsel's request reflecting the information obtained in the interviews is privileged work product. Accordingly, plaintiff's request to redepose Ms. Flamm is denied.