Rachel HAYDEN et al.

v.

**ACADIAN GAS PIPELINE SYSTEM et al.**

Civil Action No. 96–3612.

United States District Court, E.D. Louisiana.

June 18, 1997.

**430**

Timothy John Falcon, Law Office of Timothy J. Falcon, Marrero, LA, Philip Francis Cossich, Jr., Les Anthony Martin, Cossich, Martin & Sumich, LLC, Belle Chasse, LA, Stephen Michael Wiles, Law Offices of Stephen M. Wiles, Marrero, LA, for Rachel Hayden, Russell Hayden.

Roy Clifton Cheatwood, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA, for Acadian Gas Pipeline System, TXO Acadian Gas Pipeline Corp., Eric Faucheaux.

Stephen M. Wiles, Marrero, LA, pro se.

Stephen Michael Wiles, Law Offices of Stephen M. Wiles, Marrero, LA, for Timothy J. Falcon, Falcon Law Firm.

WILKINSON, United States Magistrate Judge.

Plaintiffs, Rachel and Russell Hayden, moved to compel defendants, Acadian Gas Pipeline System and TXO Acadian Gas Pipeline Corp. (collectively "Acadian") "to produce the statement of plaintiff Rachel Hayden." Specifically, plaintiffs seek production of certain notes and a memorandum described in the deposition testimony of Eric Faucheaux, an Acadian employee who prepared the documents. A copy of Faucheaux's deposition was attached to plaintiffs' motion for my review. Plaintiffs seek production of the documents on four grounds: (1) they constitute the "statement" of a party, namely Rachel Hayden, which they are entitled to obtain upon request pursuant to Fed.R.Civ.P. 26(b)(3); (2) they are discoverable and not protected from discovery by any privilege, including the work product doctrine; (3) even if they are work product, plaintiffs are entitled to discover the documents because they have substantial need for the materials and are unable to obtain their substantial equivalent without undue hard-

ship; and (4) any privilege protecting the materials from discovery has been waived.

Defendants filed a timely opposition memorandum. They also submitted for my *in camera* review the documents described in Faucheaux's deposition that plaintiffs now seek to discover. Having reviewed the documents *in camera* and considering the written submissions of the parties, the record and the applicable law, IT IS ORDERED that plaintiffs' motion to compel is DENIED for the following reasons.

■ The documents do not constitute the "statement" of Rachel Hayden and therefore need not be produced upon request without the required showing as provided in Fed. R.Civ.P. 26(b)(3). A "statement" in the Rule 26(b)(3) context is "(A) a written statement *signed or otherwise adopted or approved by the person making it,* or (B) a *stenographic, mechanical, electrical, or other recording, or a transcription thereof,* which is a *substantially verbatim recital* of an oral statement by the person making it and contemporaneously recorded." *Id.* (emphasis added). I have reviewed Faucheaux's notes and memorandum *in camera* and find that they include no "statement" of Rachel Hayden as defined in Rule 26(b)(3).

In addition, the circumstances under which the documents were created, as related in Faucheaux's deposition, and the contents of the documents themselves establish that they are trial preparation materials of the type protected from discovery by Fed.R.Civ.P. 26(b)(3). This rule exempts from discovery "documents and tangible things otherwise discoverable" if they are "prepared in anticipation of litigation or for trial by or for another party *or by or for that party's representative* (including the other party's attorney, consultant ... *or agent* )". *Id.* (emphasis added). My *in camera* review of the documents and Faucheaux's deposition establish that he was an agent or representative of Acadian engaged in an initial investigation of plaintiffs' claims asserted in this lawsuit making these documents for his own use and that of other agents or representatives of Acadian in anticipation of litigation. Thus, these documents are trial preparation materials protected from discovery under this rule.

Protection of such materials from discovery, however, is not absolute. Like other privileges, the protection provided by Rule 26(b)(3) may be waived. 8 C. Wright, A. Miller, R. Marcus, *Federal Practice and Procedure* § 2024 at 367–69 (West 1994). In addition, even if there is no waiver, trial preparation materials like Faucheaux's notes and memorandum may be discovered "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Neither circumstance permits discovery of the subject trial preparation materials in the instant case.

■ Plaintiffs have failed to make the showing of "substantial need," "undue hardship" or inability to obtain the "substantial equivalent" of the protected documents required by the rule. Faucheaux has been extensively deposed. The documents contain nothing about plaintiffs' activities that cannot be obtained from plaintiffs themselves. There is no reason contemplated by Rule 26(b)(3) to permit plaintiffs access to these trial preparation materials.

■ In addition, no waiver has occurred. Plaintiffs base their waiver argument on the fact that defense counsel "told (plaintiffs' counsel) some of the information that Eric Faucheaux recorded in respect of Mrs. Hayden's statement." This does not constitute waiver. The protection of trial preparation materials afforded by Rule 26(b)(3) protects documents and tangible things. Parties and counsel are required to make a general, limited description of the nature of protected materials in order properly to assert that they are protected as trial preparation materials. *See* Fed.R.Civ.P. 26(b)(5). This is all that was done. There is no evidence or suggestion that the documents themselves have in any way been disclosed. Having considered and weighed the factors relevant to evaluating waiver claims enumerated by the Fifth Circuit in *Alldread v. City of Grenada,* 988 F.2d 1425, 1433 (5th Cir.1993), I conclude that no waiver occurred in the instant case.

For all of the foregoing reasons, plaintiffs' motion to compel is denied. Because the documents are protected by Rule 26(b)(3), I find it unnecessary to address plaintiffs' argument that they are not protected by the attorney-client privilege.