**J. Edward ROBINSON, Plaintiff,**

v.

**TIME WARNER, INC., and Michael Hayes, Defendants.**

**No. 97 Civ. 5103(RWS).**

United States District Court, S.D. New York.

June 18, 1999.

*ORDER*

SWEET, District Judge.

On January 25, 1999, plaintiff J. Edward Robinson ("Robinson") moved, pursuant to Rule 37, Fed.R.Civ.P., for an order compelling both defendant Time Warner, Inc. ("Time Warner") and Lawrence Levien, Esq. ("Levien") to make various disclosures, and awarding Robinson attorneys' fees and costs in connection with the motion. On March 5, 1999, defendant Time Warner brought a reciprocal cross-motion, pursuant to Rule 37, for a protective order preventing the continued deposition of Levien. In this action, plaintiff Robinson alleges that he was the victim of racial discrimination on the part of his employer, Time Warner, and its Vice President of Internal Audit, Michael Hayes. More specifically, Robinson has brought suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and 42 U.S.C. § 1981, and has also sought recovery from Time Warner for tortious interference with prospective economic advantage.

Papers concerning the instant motions were received through April 7, 1999, at which time oral argument was heard and the motions were deemed fully submitted. In the

interim, the parties have submitted additional papers, which were received through June 16, 1999.

### Discussion

The instant motions concern a series of disputes between Time Warner and Robinson over the discovery of materials and information connected to Levien's internal investigation of Robinson's allegations of discrimination. The parties are in apparent agreement that Levien, outside counsel who is a member of the law firm of Akin, Gump, Strauss, Hauer & Feld, L.L.P., was retained by Time Warner to investigate Robinson's allegations of discrimination. The parties disagree, however, concerning whether or not that investigation was truly for a legal, as opposed to a business, purpose, and whether materials from and various details of that investigation are discoverable. This disagreement was highlighted during a November, 1998 deposition of Levien by Plaintiff's counsel, in which attorneys for Robinson, Levien, and Time Warner jousted repeatedly over the permissible scope of questioning.

■ The record demonstrates that Levien's investigation was for a legal purpose and was conducted in anticipation of litigation, and thus falls squarely within the ambit of *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). *See In re Woolworth Corp. Sec. Class Action Litig.*, No. 94 CIV. 2217(RO), 1996 WL 306576, at *1–*2 (S.D.N.Y. June 7, 1996). Consequently, aside from questioning Levien about the substance of his interviews with Robinson, Plaintiff is not entitled to question Levien or any Time Warner employee about the questions Levien asked or the answers provided during any other interviews. *See Upjohn*, 449 U.S. at 390, 101 S.Ct. 677 ("[T]he [attorney-client] privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.") (citations omitted); *see also Carter v. Cornell University*, 173 F.R.D. 92, 95–96 (S.D.N.Y.1997); *In re Woolworth*, 1996 WL 306576, at *2; *H.W. Carter & Sons, Inc. v. William Carter Co.*, No. 95 Civ. 1274(DC), 1995 WL 301351, at *2

(S.D.N.Y. May 16, 1995). Moreover, Plaintiff is neither entitled to discover the notes taken by Levien or any other attorney assisting Levien in the internal investigation, nor allowed to review the final investigative report prepared by Levien. *See Upjohn*, 449 U.S. at 399–400, 101 S.Ct. 677; *Carter*, 173 F.R.D. at 95–96. Both the attorney-client privilege and the work product doctrine, which overlap somewhat in their application to the materials sought by Plaintiff, were properly invoked by Time Warner and Levien as a shield to discovery in this case.

■ To be sure, both the attorney-client privilege and work product protection may be waived by placing privileged matters "at issue," and courts have observed that a defendant's affirmative reliance upon the adequacy of an internal investigation as a defense to discrimination claims can result in such waiver. *See Brownell v. Roadway Package Sys., Inc.*, 185 F.R.D. 19, 25 (N.D.N.Y.1999); *Pray v. New York City Ballet Co.*, No. 96CIV.5723 (RCL)(HBP), 1997 WL 266980, at *1 (S.D.N.Y. May 19, 1997). However, in this case Time Warner has not raised the adequacy of its investigation as a defense to Robinson's claims, and has explicitly confirmed its position that Levien's investigation will not be relied upon by Time Warner as a defense—except insofar as is necessary to rebut Robinson's assertion that Levien told Robinson or others that he had ultimately found there to be discrimination against Robinson. In this case, the investigation itself is not being used as a "sword" such that fairness would require Time Warner's internal investigation to be opened to scrutiny. *See Sealy v. Gruntal & Co.*, No. 94Civ.7948 (KTD)(MHD), 1998 WL 698257, at *5 (S.D.N.Y. Oct. 7, 1998) (finding that while assertion of adequacy of investigation as affirmative defense would constitute waiver of privilege for otherwise protected communications, defendant's dropping of the defense would eliminate basis for implying a waiver). No conduct on the part of Time Warner constitutes waiver in this case. That Time Warner's response to the EEOC Notice of Charge of Discrimination discussed Levien's investigation or its findings does not suffice, given the facts of this case, to waive

Time Warner's claims of privilege. As Robinson's EEOC Affidavit claims that he was led to believe that Levien's findings were other than those told to Time Warner's senior management, Time Warner was merely providing rebuttal in this regard. While Time Warner did characterize its investigation as "thorough," a reading of Time Warner's response does not reveal any real reliance on the adequacy of that investigation as a defense. Time Warner's position throughout has been that Robinson has not been the victim of any discrimination whatsoever, not that Time Warner is somehow insulated from liability due to the investigative process it initiated.

Under these circumstances, there is no waiver of either the attorney-client privilege or work product protection. Moreover, plaintiffs have failed to make any showing of need, as required by Rule 26(b)(3), Fed. R.Civ.P., that could overcome the work product protection applicable to any documents not covered in full by the attorney-client privilege—including Levien's final investigative report.

■ As an alternate route to discovery, Robinson has requested that Time Warner and Levien be forced to provide Robinson with all documents reviewed by Levien in anticipation of his deposition on November 19, 1998. It is true that Rule 612, Fed. R.Evid., can sometimes require the disclosure of otherwise privileged materials. *See Bank Hapoalim, B.M. v. American Home Assurance Co.*, No. 92 Civ. 3561(KMW), 1994 WL 119575, at *3, *6–*7 (S.D.N.Y. Apr. 6, 1994). While Levien did review certain documents prior to his deposition, however, this review alone does not automatically trump claims of privilege or work product protection. Robinson must "not only show that [Levien] ... reviewed the documents in preparation for his deposition, but that he relied upon them in testifying." *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 494 (S.D.N.Y.1993) (*citing*

*Sporck v. Peil*, 759 F.2d 312, 317–18 (3d Cir.1985); *Leucadia, Inc. v. Reliance Ins. Co.*, 101 F.R.D. 674, 678–79 (S.D.N.Y.1983)). Robinson has not satisfactorily demonstrated, nor does a review of Levien's deposition transcript reveal, any actual reliance upon the reviewed documents.[1] *See Laborers Local 17 Health Benefit Fund v. Philip Morris, Inc.*, Nos. 97CIV.4550 (SAS)(MHD), 97CIV.4676 (SAS)(MHD), 1998 WL 414933, at *5–*6 (S.D.N.Y. July 23, 1998); *Baba–Ali v. City of New York*, No. 92CIV.7975 (LMM)(THK), 1993 WL 427425, at *1 (S.D.N.Y. Oct. 19, 1993).

■ Additionally, where a witness reviews privileged documents prior to deposition, as opposed to using documents to refresh her memory during the deposition itself, disclosure is only required where "the court in its discretion determines it is necessary in the interests of justice." Fed.R.Evid. 612(2). It would not be in the interests of justice to compel disclosure of the materials sought by Robinson, especially given that Levien's internal investigation is of questionable relevance to the claims and defenses in this action. *See Laborers Local 17 Health Benefit Fund*, 1998 WL 414933, at *5. Plaintiff's probing of that investigation is a fishing expedition of doubtful value, and disclosure of materials otherwise shielded from discovery would not be appropriate in this case.

■ Finally, Robinson's asserted grounds for disclosure under Rule 26(b)(3), Fed. R.Civ.P., and the Fair Credit Reporting Act (FCRA) are meritless. Levien's notes of his interviews with Robinson hardly qualify as statements under the meaning of Rule 26(b)(3), as they are neither substantially verbatim transcriptions nor are they written statements signed, adopted, or approved by Robinson. *See Hayden v. Acadian Gas Pipeline Sys.*, 173 F.R.D. 429, 430 (E.D.La. 1997); *cf. Elam v. Ryder Automotive Operations, Inc.*, 179 F.R.D. 413, 414 (W.D.N.Y. 1998) (signed and sworn copy of transcribed

---

1. In fact, the deposition transcript reveals Plaintiff's counsel's dissatisfaction with the specificity of Levien's recollection concerning the interviews conducted with Robinson, as well as counsel's repeated attempts to bait Levien into refreshing his memory with interview notes at the

deposition itself—a tactic no doubt calculated to facilitate disclosure of those self-same notes under Fed.R.Evid. 612(1), which does not afford a court the same level of discretion as in cases where the witness reviews documents prior to testifying.

148

statement must be produced under Fed. R.Civ.P. 26(b)(3)). Moreover, even were Robinson's eleventh-hour arguments under the FCRA not rendered suspect by both the FCRA's two-year statute of limitations, *see* 15 U.S.C. § 1681p, and the fact that the relevant portions of the FCRA did not go into effect until more than one year after Levien completed his investigation, *see Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 45 n. 4 (2d Cir.1997), the FCRA's requirement that a consumer report be provided as of right prior to "taking any adverse action based in whole or in part on the report," where the report is used for "employment purposes," is of doubtful application to the facts of this case.[2] 15 U.S.C. 1681b(b)(3).

To ensure that Plaintiff will have full access to the facts underlying this action, Time Warner shall disclose to Robinson the names of all persons interviewed during Time Warner's internal investigation. This information is neither covered by the attorney-client privilege, nor does the Court believe it to be protected work product in this case.

For the reasons stated above, Plaintiff's motion is therefore denied, except insofar as it seeks the names of all persons interviewed as part of Levien's investigation. Time Warner's cross-motion for a protective order is also denied, though given the permissible scope of Levien's questioning Plaintiff's continuance of the deposition shall be limited to two hours, subject to further application to the Court. Neither Robinson nor Time Warner shall be entitled to costs or attorneys' fees in connection with the instant motions.

It is so ordered.

---

**2.** The informal FTC staff letter relied upon by Robinson in pressing an argument for disclosure under the FCRA addresses, hypothetically, the preparation of consumer or investigative consumer reports, in response to allegations of workplace harassment, that are then utilized by the employer to take "corrective or disciplinary action." Letter from Christopher W. Keller to Judi A. Vail (April 5, 1999), FTC Informal Staff Letter (Keller letter). However, as Time Warner has correctly observed, the Levien report was prepared in order to provide legal advice to the company, and not for the purposes of evaluating Robinson and taking "adverse action" against him.

Furthermore, as the Keller letter explicitly states, the views expressed in that letter are only advisory in nature, and do not necessarily reflect the views of either the FTC itself or any particular Commissioner. Unofficial FTC staff letters, while they may perhaps offer helpful guidance to the courts in interpreting the FCRA, are only advisory, and do not govern the scope of 15 U.S.C. § 1681b.