**Thara THOMAS, Plaintiff,**

v.

**EURO RSCG LIFE, Donna Murphy, and Shazzia Khan, Defendants.**

**No. 09 CV 5500(JSR).**

United States District Court, S.D. New York.

Feb. 18, 2010.

Andrea Maria Paparella, Liddle & Robinson, LLP, New York, NY, for Plaintiff.

Diane Evelyn Gianos, Bennett Lee Epstein, Foley & Lardner LLP, Chicago, IL, New York, NY, for Defendants.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Defendants move for production of certain notes reviewed by plaintiff in preparation for her deposition and, specifically, for the purpose of refreshing her recollection. Over plaintiff's objection, the Court hereby grants the motion.

At plaintiff's deposition on January 20, 2010, plaintiff testified that she had looked at notes in preparation for her deposition that recounted the dates and substance of conversations plaintiff had had with former in-house counsel for defendant Euro RSCG Life, Peter Glass. *See* Letter from Andrea M. Paparella, Esq., dated Feb. 4, 2010, ("Paparella Letter"), Ex. A, Deposition of Thara Thomas, at 247. Defense counsel promptly demanded that the notes be produced, but plaintiff's counsel objected on the ground that the notes were protected by attorney-client privilege. *Id.* at 254. Defense counsel then applied to the Court to compel production of the notes. After hearing oral argument on January 27, 2010, the Court concluded that the first two pages of the document that plaintiff had reviewed—which the Court itself reviewed *in camera*—were protected by work-product doctrine, *see* transcript ("tr."), 1/29/10, at 26, but that the status of the rest of the document, which consisted of the notes in question, was uncertain. Accordingly, the Court requested letter briefs, which the par-

ties duly submitted. After reviewing the parties' submissions, the Court concludes that while the notes would otherwise be protected by attorney-client privilege, plaintiff has waived the privilege by relying on the notes in connection with her deposition testimony, and the interests of justice dictate that the notes be produced.

■ In general terms, the notes are a chronological recounting of conversations that plaintiff recalled having with Mr. Glass, chiefly regarding Mr. Glass's statements about various individually named defendants and their actions regarding plaintiff. According to plaintiff's counsel, plaintiff communicated this information in confidence to her attorney for the purpose seeking legal advice related to the claims of discrimination and retaliation alleged in her Complaint against the defendants. *See* Paparella Letter at 1–2. This is sufficient to clothe the notes with privilege. *See generally von Bulow v. von Bulow*, 811 F.2d 136, 146 (2d Cir.1987).[1]

■ But plaintiff waived that privilege when she relied on the notes in connection with her deposition testimony. *See, e.g., Robinson v. Time Warner, Inc.*, 187 F.R.D. 144, 147 (S.D.N.Y.1999); *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 494 (S.D.N.Y. 1993). Here, plaintiff admitted to reviewing the notes for approximately fifteen minutes immediately prior to her deposition. *See* Paparella Letter, Ex. A at 247. She did so, as she testified, "because Peter and I had many conversations, and it's going to be very difficult for me to recount all of the conversations," *see id.* at 232. Since these conversations were a central part of the deposition, it is clear that the notes likely had an impact on plaintiff's testimony. *See Bank Hapoalim, B.M. v. Am. Home Assurance Co.*, No. 94 Civ. 3561(KMW), 1994 WL 119575, at *5–7,

1994 U.S. Dist. LEXIS 4091, at *16–17, 20–21 (S.D.N.Y. April 6, 1994); *see also Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159, 165 (S.D.N.Y.2002).

■ Plaintiff's counsel argues, nonetheless, that even if this would amount to waiver if it had occurred at the deposition, the fact that the witness instead reviewed the notes shortly before the deposition began makes a difference. It is true that Fed.R.Evid. 612(2) indicates that if a witness reviews privileged documents prior to the deposition instead of using them to refresh her memory during the deposition itself, disclosure is only required where "the court in its discretion determines it is necessary in the interests of justice." Fed.R.Evid. 612(2); *see also Robinson*, 187 F.R.D. at 147; *Suss*, 212 F.R.D. at 163; *Bank Hapoalim*, 1994 WL 119575, at *6–7, 1994 U.S. Dist. LEXIS 4091, at *18–19. But just such a finding is compelled here. The notes are simply a factual recitation, arranged chronologically, and evince no work-product concerns. They relate to conversations about which the witness knew she would be questioned: indeed, plaintiff's counsel, in an earlier in-court conference, had repeatedly referenced these conversations as a basis for seeking various discovery in this case. *See, e.g.,* tr., 12/22/09, at 32–34.[2] Finally, since the subject matter of these conversations, and the conversations themselves, are likely to play a substantial role in plaintiff's case, it is in the interests of justice for defendants to be able to adequately cross-examine plaintiff by having access to notes that plaintiff admitted to reviewing so that she could answer questions "accurately." *See* Paparella Letter, Ex. A, at 247.

Accordingly, the Court hereby directs plaintiff's counsel to produce the aforementioned notes (*i.e.*, the document in question

---

1. Defendants argue that attorney-client privilege does not extend to communications in which the client or the attorney merely conveys information provided by a third party. *See* Letter from Bennett L. Epstein, Esq., dated Feb. 1, 2010 (citing *Urban Box Office Network, Inc. v. Interfase Managers, LP.*, No. 01 Civ. 8854(LTS)(THK), 2006 WL 1004472, at *2–3, 2006 U.S. Dist. LEXIS 20648, at *8 (S.D.N.Y. April 18, 2006)). But that is only true where the client is, in effect, a cipher, or where the client delivers documents from a

third party to the lawyer. *Cf. Urban Box Office*, 2006 WL 1004472, at *4–4, 2006 U.S. Dist. LEXIS 20648, at *16–17. Here, where the client's own recollection is very much part of what is being conveyed, the privilege attaches.

2. These representations by plaintiff's counsel might themselves have been sufficient to waive privilege as to the notes here in question.

with the first two pages redacted) by no later than February 22, 2010.

SO ORDERED.