**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Marc Martel

        v.

                                        Case No. 17-cv-407-SM
                                        Opinion No. 2019 DNH 082

Computer Sciences Corp.


## ORDER

Before the court in this employment discrimination case is plaintiff Marc Martel's motion to compel discovery (Doc. No. 24). Defendant Computer Sciences Corp. ("CSC") objected, and, after oral argument, the parties supplemented their filings. For the reasons that follow, plaintiff's motion is denied.

Martel claims he was fired in August 2014 because of his age. CSC maintains that Martel's termination was part of a permissible reduction in force ("RIF"). Prior to his termination, Martel filed an internal ethics complaint regarding a performance review. After receiving notice of the RIF, Martel again complained to CSC's Ethics and Compliance Office ("ECO"), stating his belief that his termination was unlawful. The ECO investigated Martel's complaints and prepared a Report of Investigation for CSC's Director of Global Compliance, Investigation and Litigation, an attorney. Martel requested production of the report. CSC declined to produce the report, relying on the attorney-client and work product privileges.

Martel does not dispute that the report is privileged, but instead argues that CSC impliedly waived the privileges' protection by asserting the following affirmative defense in its answer:

> Defendant did not the violate statutes cited in the Complaint; alternatively, Defendant made good faith efforts to comply with employment-related laws, and any discriminatory act, omission, or decision by any managerial agent would have been contrary to those efforts.

Answer (Doc. No. 20) at 60, ¶ 6.

Martel argues that CSC's invocation of "good faith" in this affirmative defense necessarily suggests that CSC is "relying on the investigation, the results of the investigation, and/or the reasonableness of the investigation." Pltff. Response (Doc. No. 35) ¶ 3. Asserting privilege in the face of such reliance, Martel argues, would be contrary to decisions from this and other courts finding "it unfair and illogical to allow an employer to assert the reasonableness of an investigation as an affirmative defense, and, at the same time, withhold relevant evidence under the guise of privilege or work product protection." Walker v. N.H. Admin. Office of the Courts, Civ. No. 11-cv-421-PB, 2013 WL 672584, at *6 (D.N.H. Feb. 22, 2013).

Although plaintiff has cited the correct legal principle, that principle is inapposite here because the defense has repeatedly indicated that it has no intention of relying on the

2

contents or conclusion of the investigative report to defend this case.  Instead, the defendant intends to support its affirmative defense "with evidence of its Equal Employment Opportunity Policy, Code of Business Conduct, employee acknowledgements, training practices, etc."  Pltff. Opp. (Doc. No. 25) ¶ 19.  This is not a case, as plaintiff contends, where the defense is impermissibly trying to use the privilege "as a sword and a shield."  Walker, 2013 WL 672584, at *6.[1]  See Pollitt v. N.C. Prisoner Legal Servs., Inc., No. 5:05-CV-220-BO, 2006 WL 8438635, at * 2 (E.D.N.C. Sept. 22, 2006) ("Where employers disavow reliance upon their investigations as a defense, the attorney-client privilege is not waived.").

Martel's only remaining argument is that CSC might use the investigative report as rebuttal evidence should Martel "open the door" during his own testimony.  Pltff. Reply (Doc. No. 30)

---

[1] Nor is CSC asserting a so-called Faragher-Ellerth defense, under which an employer may be shielded from liability if it can show by a preponderance of the evidence that it both "exercised reasonable care to prevent and correct promptly any . . . harassing behavior" and that the "employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998). Where, as here, a tangible employment action has been taken against the employee, the Faragher-Ellerth defense is unavailable.  See Ellerth, 524 U.S. at 765 ("No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.").

at 1-2.  This argument is premature.  The court's ruling herein is made without prejudice to revisiting the issue if appropriate.[2]

For the reasons set forth herein, plaintiff's motion to compel (document no. 24) is denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

May 8, 2019

cc:  Counsel of record

---

[2] Relatedly, Martel argues that CSC is likely to rely on its internal investigation – and thus waived any applicable privileges – because it cited the investigation in its response to the Charge of Discrimination Martel filed with the New Hampshire Commission for Human Rights.  There appears to be no authority supporting the proposition that a party's inclusion or reference to an internal investigation in EEOC proceedings necessarily waives the privilege.  See Robinson v. Time Warner, Inc., 187 F.R.D. 144, 147 (E.D.N.Y. 1999) rejecting waiver claim where employer's EEOC response discussed investigation and findings where employer was not relying on adequacy of investigation as a defense).  In the court's view, this argument is similar to plaintiff's anticipatory "open the door" concern and is equally premature.